128  135
f138  143

SEBASTIAN WERTHMAN, ET AL., Appellees, v. THE MASON
CITY & FORT DODGE RAILROAD Co., Appellant.

**New trial:** DISCRETION OF COURT. The trial court's discretion in granting a new trial is less likely to be interfered with on appeal than where the motion is denied.

**Same.** A jury is not bound by opinion evidence, but where it exercises its own judgment the verdict is subject to review by the trial judge, and if the verdict fails to do exact justice it becomes his duty to grant a new trial.

**Instructions:** REVIEW ON APPEAL. A defendant, on an appeal from a ruling granting a new trial, cannot complain of instructions to which no objection was made, unless upon the whole case the plaintiff had no right of recovery.

**Condemnation:** LESSEE'S DAMAGE. In condemnation proceedings a lessee is entitled to recover as damages the difference in the value of the annual rental of the premises before and after the appropriation.

*Appeal from Carroll District Court.*— HONS. Z. A. CHURCH
and S. M. ELWOOD, Judges.

MONDAY, APRIL 10, 1905.

· · *Ad quod damnum* proceedings, originally instituted by the defendant to condemn certain land belonging to plaintiff Simons for railway purposes. Werthman was made a party because he held a lease for the land. The sheriff's jury did not allow Werthman anything, and he appealed to the district court. Upon a trial in that court he was awarded a verdict of $24. He immediately moved for a new trial, and his motion was sustained. Before the case went to trial, defendant moved to dismiss the appeal from the action of the sheriff's jury and to affirm its finding. This motion was overruled, and exception taken. From tthe several rulings of the trial court, defendant appeals.— *Affirmed.*

*Lee & Robb* and *Healy Bros. & Kelleher,* for appellant.

*Salinger & Korte,* for appellees.

DEEMER, J.— Many, if not most, of the questions raised on this appeal are determined adversely to appellant in, *Simons et al. v. the Mason City & Ft. Dodge Railroad,* 128 Iowa. These points need not be again considered, as the facts bearing thereon are practically the same in each case.

The only questions not common to the two appeals we shall now proceed to determine. They relate exclusively to the ruling on plaintiff's motion for a new trial. This motion was bottomed on five grounds: (1) That the verdict was contrary to the evidence; (2) that it was not supported by the evidence; (3) that it was not supported by any theory of the evidence; (4) that it was contrary to the law and the instructions given by the trial court; and (5) that it was not based on any theory of the instructions given, and was contrary to the rule of law given in the instructions. Werthman was Simons' tenant, holding a lease for the entire tract of 134 acres for the term of one year from and after March 1, 1902. By the terms of that lease the lessee was to pay as rent for the use of the land two-fifths of the grain grown upon the premises during the year and two-fifths of the hay to be taken therefrom. The railway entered upon the premises and commenced its condemnation proceedings March 5, 1902. It took practically all the hay land — 34 or more acres. During the trial plaintiff's counsel stated that he should not claim damages to more than 123 acres of land leased to his client. The trial court instructed the jury that: "If you find that plaintiff has been damaged by the railway company, you will give or allow him proper damages therefor. In fixing the amount of damages you will take into

consideration the net value of the annual use during the term of this lease; that is, the net value of the annual use of the premises before the defendant appropriated the right of way and took the land and what it was worth afterwards. You will take into consideration the probable net value of the products of the crops of the land before the taking of the right of way and after taking. Or, to state it in another way, you will take into consideration the probable amount of injury to the crops occasioned by the taking of the land and right of way, and applying this evidence to the entire tract." The testimony was to the effect that the leasehold was worth $950 immediately before the taking, and $600 immediately afterward, and that the taking of the land by the railway company affected the leasehold value to the extent of $350. Another witness testified that the hay on the land when the railway company took it was worth $352. Other witnesses testified that when hay matured in the year 1902 it was worth $9 per ton, and that the land taken by the railway company for a period of many years had produced two tons of hay per acre. Neither party complains of the instructions given by the trial court; hence we shall have no occasion to consider their correctness. They are not entirely clear, but plaintiff is entitled to that version most favorable to him.

The sole inquiry for us is, was the court justified, in view of the testimony to which we have referred, which was not contradicted in any way, the defendant offering no testimony, in sustaining plaintiff's motion for a new trial based upon the grounds hitherto stated? Trial courts are necessarily vested with a large discretion in the matter of granting new trials, and we are much more reluctant about interfering when a new trial is granted than when it is denied. The reasons for this are so apparent, and have been stated so many times, that we need not do more than cite a single case. *Quinn v. Ins. Co.*, 82 Iowa, 550.

It is apparent that the verdict did not respond to the evidence and the instructions given ·by the trial court. Of course, the jury had the right to use its own judgment regarding the damages, and it was not bound by the opinions of others; but when it did · do this its judgment was subject to review by the trial judge. And if he thought it did not meet the situation, or do justice to the parties, it was his right, as well as his duty, to set the verdict aside. Having done so, it is not for us to interfere. We have already said that the jury was not bound by opinion evidence, but its verdict was undoubtedly subject to review; and if the trial court, after hearing the evidence, felt that it did not do exact justice, it was its duty to interfere. In this respect trial courts have a much wider discretion than we have.

Defendant quarrels with the instruction given by the trial court, but it is in no position to complain, unless upon the whole case there was no theory upon which plaintiff might recover. But that is not true here. A jury would have been justified in finding that Werthman entered into a valid lease for the Simons land on March 1st for the term of one year from that date; that the defendant took possession of and condemned a part thereof on March 5th, thus depriving him of the use thereof; and that the difference in the value ·of the leasehold immediately before and just after the taking was something more than merely nominal.

The rule in this State, where a lessee seeks compensation for property taken for public uses, is to allow him the difference between the value of the annual use of the premises before the taking of the right of way and what it was worth afterward. *Renwick v. R. R. Co.,* 49 Iowa, 674. No abuse of discretion on the part of the trial court is shown, and its ruling on the motion for a new trial is sustained. The Simons case holds that there was no error in the ruling on the motion to dismiss and affirm.— *Affirmed.*