Marshall, C. J.
 

 This is an action in mandamus originally filed in this court, the petition being in the usual form, and containing a prayer for the allowance of an alternative writ requiring that the defendants perform certain acts or show cause at a time and place to be fixed by the court why they should not perform the acts. Notice was given to the defendants, and application was orally made to the court for the alternative writ, and, while the ap
 
 *520
 
 plication for the alternative writ was held nnder advisement by the court, a summons was issued. A motion to quash the service of summons has been filed by the defendants.
 

 It is urged by the Attorney General, appearing for the defendants, that defendants cannot be brought into court in a mandamus suit by issuance and service of summons. It is urged that a mandamus suit is not a civil action, but that it is merely a writ which may or may not in the discretion of the court be issued.
 

 This question is not one of first impression in this court. The practice has been uniform in this court for many years for the clerk to issue a summons when a precipe is filed for that purpose, and, when the issues are made up by answer or demurrer, for the court to hear and decide the cause as though the alternative writ had been issued and the defendant brought into court by such means.
 

 The question of the right to issue a summons was squarely presented to this court in cause No. 20176,
 
 State, ex rel. Smith,
 
 v.
 
 City of Fremont,
 
 116 Ohio St., 469, 157 N. E., 318. The petition in mandamus was filed, and precipe for summons was filed, and defendant served. Thereafter a motion to quash the return of the service was made, which was heard by the court on oral argument, and the motion to quash was overruled. The order of the court in this case appears on journal 30, at page 656. During the past three years no less than thirteen cases in mandamus originally filed in this court have been acted upon by the court where no alternative writ was allowed and where the defendant was brought in by service of summons. During the same period four
 
 *521
 
 teen other cases in mandamus have been filed in this court where the parties have entered an appearance by answer or demurrer, and the causes were thereafter acted upon by the court and judgment entered. In none of these cases was the legal issue made as to the right to proceed otherwise than by allowance of the alternative writ, but that large number of cases shows what the uniform practice has been and to what extent that practice has been exercised during the past three years.
 

 The Attorney General has entered into a fundamental discussion of a mandamus, and has given its historical background. It is not doubted that in some jurisdictions a mandamus proceeding still partakes of the same characteristics that it originally acquired as a high prerogative writ issued by the king. It is quite certain, however, that in most jurisdictions mandamus is regarded as a civil action, in no wise different from other civil actions. Section 12283, General Code, defines mandamus as a writ issued in the name of the state. The Attorney General argues from this statute that a mandamus proceeding is not an action, but only a writ. It must be borne in mind that the statute is not in any event conclusive upon this subject. Section 2, Article IV, of the Constitution, defines the original jurisdiction of this court in the following language: “It shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo,” etc. The Constitution makes no fine distinctions concerning the character of the writ of mandamus, but in unequivocal language confers upon this court original jurisdiction “in mandamus.” Not satisfied with thus investing such jurisdiction in this court,
 
 *522
 
 an amendment to that Section in 1912 made this additional provision: “No law shall he passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court.” Manifestly this court would have no right under that injunction to place an interpretation upon a statute enacted by the Legislature which would give it the effect of preventing any party from invoking the original jurisdiction of the Supreme Court in mandamus. The language of the statute is more susceptible of the construction that it is the
 
 order
 
 of mandamus which is a writ, and it may be the alternative writ or the peremptory writ. The framers of the Constitution undoubtedly had in mind not the writ of mandamus, but a proceeding in mandamus, and this court may not escape the duty of hearing and determining all proceedings in mandamus which are tendered to the court for determination. It is true that the usual procedure is to apply for the alternative writ. This application can only be made after a petition has been filed with the clerk and docketed and given its serial number. It is the usual custom to request allowance of the alternative writ as a part of the prayer, and upon filing the petition oral application is made to the court, or some member thereof for the allowance of the alternative writ. Section 12286, General Code, requires the application for the writ to be made by petition, indicating that the usual pleading by which a proceeding is begun is necessary in mandamus, as in any other civil action. The same section provides that the court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ
 
 *523
 
 without notice. Neither that section nor any other section makes that the exclusive method of bringing the defendant into court. The Civil Code contains a general provision for service of summons in civil actions, and makes no exception of a mandamus proceeding. It becomes necessary, therefore, in determining whether a summons may be served in a mandamus proceeding, to determine whether a mandamus proceeding is a civil action.
 

 It is quite certain that this court has never decided to the contrary, but in repeated instances has decided that it is like a civil action. This court during all its history has never been previously called upon to definitely determine whether it is a civil action.
 

 In
 
 State, ex rel. Morgenthaler,
 
 v.
 
 Crites, Aud.,
 
 48 Ohio St., 142, at page 175, 26 N. E., 1052, 1060, the following is stated by Judge Bradbury, after referring to the statutes relating to mandamus: “In view of these express provisions of the statute, it is difficult to see wherein a proceeding in mandamus differs in any material respect from a civil action, or even in any respect, except in name.” In
 
 Dutten
 
 v.
 
 Village of Hanover,
 
 42 Ohio St., 215, there is a discussion in the opinion which is inconsistent with the theory that mandamus is not a civil action, though the affirmative of that proposition is not definitely stated. The United States Supreme Court, in
 
 Commonwealth of Kentucky
 
 v.
 
 Dennison, Governor,
 
 65 U. S. (24 How.), 66, 16 L. Ed., 717, speaking through Chief Justice Taney, has declared:
 

 “A writ of mandamus does not issue in virtue of any prerogative power, and, in modern practice, is nothing more than an ordinary action at law in cases where it is the appropriate remedy.”
 

 
 *524
 
 This legal proposition, stated in less apt language, is found in other decisions of the United States Supreme Court, and in a number of cases decided by the courts of last resort of different states.
 

 We have been cited to Section 10222, General Code, which provides:
 

 “When in part third special provision is made as to service, pleadings, competency of witnesses, or in any other respect, inconsistent with the general provisions of titles four and five of part third, the special provision shall govern, unless it appears that the provisions are cumulative. ’ ’
 

 Our only answer to that is that we see no incon sistency between the allowance of an alternative writ and the issuance of a summons, and that it seems more reasonable that the alternative writ should be regarded as a cumulative provision. Section 2, Article IV, of the Constitution, conferring original jurisdiction in mandamus upon this court, is mandatory, and the injunction contained in the amendment of 1912 only emphasizes the mandatory nature of the original provision. It cannot be said that the relator in a mandamus proceeding has not been prevented from invoking the original jurisdiction of the Supreme Court when he has only been heard upon the allowance of an alternative writ. The jurisdiction of this court has only been invoked in the full sense when the defendant has been brought into court, and an issue made up, either by answer or demurrer, and the cause determined upon its merits.
 

 We have reached the conclusion that the provision for the allowance of the alternative writ is cumulative to the issuance and service of summons. In
 
 *525
 
 ordinary cases, which are not emergent in nature, the usual process applying to civil actions should prevail. Summons should be served and the cause come on for hearing in due course and in regular order. In emergent cases, where defendant should be brought into court at an earlier date, application may and should be made to the court, and a time fixed for appearance and to show cause why the writ should not be granted, within a shorter period than that fixed by the Code relating to service of summons.
 

 The motion to quash the service of summons must be overruled.
 

 Motion overruled.
 

 Kinkade, Robinson, Jones and Alien, JJ., concur.