By the Couet.
 

 This canse has heretofore received the consideration of this court upon a motion to quash the service of summons, which motion was overruled (121 Ohio St., 519, 169 N. E., 701). The defendants now demur to the petition on the ground that it does not state a cause of action.
 

 The petition alleges that the state of Ohio gave to the relator a lease upon lands of the state, giving to lessee the right to drill for gas and oil and to remove the same from the lands of the state upon terms and conditions set forth in the lease. The lease was dated July 24, 1929, and was executed in all respects in the form of law and by the parties authorized to execute leases on the part of the state. It was executed by the superintendent of public works, and approved by the Governor, and was approved by the Attorney General of Ohio, all in ac
 
 *322
 
 cordance with the Act of the General Assembly of March
 
 28, 1888 (85 Ohio
 
 Laws,
 
 127, 129),
 
 and other acts amendatory thereto, including the Act under date of March 6, 1913 (103 Ohio Law’s, 119, 127), and the said lease, in addition to the terms of division of any oil and gas found, was executed upon the further consideration of the sum of $300 paid in cash by the lessee to the state of Ohio. The petition further alleges that on September 5, 1929, the lease was delivered to the recorder of Summit county, Ohio, in which said leased lands are situated, and was by said recorder duly recorded in record book No. 1241, page 248, of the lease.records of Summit county. The petition further alleges that on numerous dates after the Governor had, by his signature attached to said lease, given his approval thereof, he again expressed his approval, and admitted and declared that he had approved and signed the same, and upheld the same as being a good and valid lease upon the lands described, for the purposes therein mentioned.
 

 The petition further recites that at a later date, to wit, September 28, 1929, the Governor then expressed himself as having disapproved said lease contract, stating that he had not signed the same, and denying his signature, and further stating that the signature appearing thereon was appended by his executive clerk without his authority. The petition further alleges that the Governor had arbitrarily and without right ordered the lease contract to be canceled, and that the records of the state of Ohio in the office of the superintendent of public Works be mutilated, tampered with, changed, and spoliated, so that it would appear that the Governor
 
 *323
 
 had not signed the contract and had not approved the same in writing. The petition further alleges that such mutilation and spoliation had not yet taken place. The petition further alleges that the lands of the state described in said lease were being depleted of gas and oil by the operations of lessees of adjoining lands, to the loss of the state in the sum of many hundreds of thousands of dollars. The petition further alleges that it is the duty of the superintendent of public works, not only by the terms of said lease contract, but more particularly by the provisions of Section 13970 of the General Code of Ohio, to select the location for wells to. be drilled upon said leased premises, or to agree upon such location, and that he has refused and neglected to make such selection or to indicate that he would do so. The petition further alleges that the signature of the Governor was appended to said lease contract with his knowledge and by his authority, and in accordance with the usual practice of appending the Governor’s signature to similar instruments, and that he did, in fact, repeatedly assert and declare his approval of said lease and of his signature thereto.
 

 The petition is voluminous and contains many other allegations of formal matters which are not necessary to be repeated in this statement, it being only necessary to call attention to those allegations wjhich show a cause of action and entitle the relator to the relief prayed for. The prayer is likewise lengthy and asks a writ of mandamus against the Governor to compel him to recognize his signature, and not to repudiate the same, and to perform and carry out the terms and provisions of the lease, and
 
 *324
 
 not to invalidate or nullify the same; it further asks that the superintendent of public works be required to perform the duty imposed upon him by the contract and by law, and that he agree with relator to select a place to drill wells on said leased premises to offset the wells of private owners, and that, upon a failure to agree w|ith relator upon said location or locations, the said superintendent of public works be himself compelled to select a location or locations for the drilling of such wells.
 

 So far as the Governor is involved in this controversy, it is the theory of the Attorney General that the Governor is not amenable to the character of process which relator has invoked, because the relief prayed for is in the nature of injunction, rather than mandamus. If this theory is sound, it must be upon the assumption that a valid contract was made and that relator seeks to compel the Governor to recognize the contract, and not to cancel it.
 

 The allegations of the petition are sufficient to show that a valid contract was made between relator and the state of Ohio, and it is apparently the fear of relator that the contract will be canceled summarily and arbitrarily without legal reason and without due process. It goes without saying that a contact made by the state of Ohio is just as valid and binding upon the state and all the executive officers of the state as the contract of any citizen of the state is binding upon such citizen. We are in accord with the views of the Attorney General that, so far as relator asks a writ of mandamus merely to compel the Governor to recognize his signature, and to prevent him from cancelling his contract, this court is without jurisdiction. This court has ample jurisdiction
 
 *325
 
 to compel a party to carry out the provisions of a valid contract where the obligations of the contract are duties enjoined by law, and where there is no other adequate remedy at law. We are unable to see from the allegations of this petition that it is sought to compel the Governor to perform an act which the law especially enjoins as a duty resulting from an office, as provided in Section 12283, General Code, which defines the purpose of a writ of mandamus. The Governor may not arbitrarily and summarily cancel a contract which has been entered into in accord with the forms of law, and, like any citizen, to avoid a contract he must resort to a court of chancery. We are not concerned in this case with any possible grounds of cancellation. If any such grounds exist, they must be pleaded and proven in a suit for that purpose in a court of competent jurisdiction.
 

 The demurrer admits the well-pleaded allegations of the petition, and those allegations set forth a valid contract. We shall not indulge any presumption that the Governor has equitable grounds for rescission or cancellation, but if any grounds exist they can only be asserted in a court of chancery, and such an issue must be determined in advance of the determination of legal questions growing out of the attempted enforcement of the contract.
 
 Bingham
 
 v.
 
 Nypano Rd. Co.,
 
 112 Ohio St., 115, 147 N. E., 1.
 

 Having found that relator’s prayer for relief against the Governor cannot be granted, it remains to be inquired whether relator is entitled to the relief prayed for against the superintendent of public works. The Attorney General has filed a brief in
 
 *326
 
 support of the demurrer of the superintendent of public works, and argues the same legal questions as are presented in the brief in support of the demurrer of the Governor. The demurrer must be overruled if a good cause of action is stated against the superintendent of public works, even though relator is entitled to no relief against the Governor. This has been clearly settled in the case of
 
 Gutridge, Admr.,
 
 v.
 
 Vanatta,
 
 27 Ohio St., 366: “If a sufficient case is stated against one party, it is not ground of demurrer by him that another party is joined, against whom no cause of action exists.”
 

 The Attorney General takes the view that this is a suit to compel the execution of a contract, as distinguished from a suit to compel the performance of a duty enjoined by law. The contract requires that the wells shall be located by agreement of the parties, or, in the event of failure to reach an agreement, that the location be made by the superintendent of public works. This provision, according to the allegations of the petition, was inserted in the contract in order that the superintendent of public works might protect the interests of the state, as he is required to do by Section 13970, General Code. That section, among other provisions, requires that the superintendent of public Works, in leasing any of the lands of the state, shall not permit the lands to be so used as to materially injure or interfere with the navigation of any of the canals of this state. The duty of agreeing upon a location for the wells, or of locating the wells without agreement, in the event of a failure to agree, is imposed upon the superintendent of public works by the statute, and likewise enjoined by the contract. The petition
 
 *327
 
 having stated a good cause of action against the superintendent of public works, and relator being entitled to the relief prayed for against him, the demurrer must be overruled as to such superintendent.
 

 Demurrer of Governor sustained, and demurrer of Superintendent overruled.
 

 Marshall, C. J., Kinkade, Robinson and Allen, JJ., concur.