By the Court.
 

 This cause was before this court at a previous term, having been submitted on a demurrer of the defendant to the petition of the relator. We then held that the petition stated a good cause of action against the superintendent of public works and overruled his demurrer to the petition. That feature of the case is reported by this court in
 
 State, ex rel. Cope,
 
 v.
 
 Cooper, Governor,
 
 122 Ohio St., 321, 171 N. E., 399. Subsequently the superintendent of public works filed his answer to the petition, and the case is again submitted to this court upon the petition, the answer of the superintendent, and the evidence.
 

 Many of the facts detailed in the petition are contained in the above reported case and need not be again referred to in this opinion. However, there are some additional facts pleaded in the petition which will be referred to. The petition alleged that on or about the 24th day of July, 1929, the relator had entered into a lease contract with the state, pursuant to law, which contract had been “duly executed by the State of Ohio, by the certificate to the same by the State of Ohio, by the Department of Public Works, with its seal, by Richard T. Wisda, Superintendent of Public Works, as Director of Public Works; by the certificate of Myers Y. Cooper, as Governor of the State of Ohio, showing his approval thereof in writing followed by his signature, and by the approval of Gilbert Bettman, Attorney General of the State of Ohio,” and by the certificate and signature of the relator. The petition alleged that the lease contract was filed with the recorder of Summit county, Ohio, by the relator, who, on the execution of the lease contract, paid to the treasurer of state the sum of $300.
 

 All of these allegations the defendant admitted in his answer, but denied upon information and belief
 
 *180
 
 that the paper writing or lease contract was approved by the Governor, and asserted that consequently it did not constitute a valid and subsisting lease between the state of Ohio and the relator.
 

 The petition alleged that later, on September 28, 1929, the Governor expressed his disapproval of said lease contract by stating that he had not signed the same, and repudiated his signature thereto, which had been appended by his executive secretary; and that the Governor denied that he had authorized such secretary to sign the lease contract for him.
 

 While admitting that the lease contract had been signed by the superintendent of public works and bore the seal of that office, and further admitting that the Attorney General had approved the same and that the instrument had been filed for record as alleged in the petition, the superintendent denied, upon information and belief, that the Governor had approved the contract, and denied generally the specific allegation in the petition that the Governor’s signature was in fact placed upon said lease by his executive clerk after approval by the Governor. The answer also denied that the Governor had repeatedly asserted and declared his approval of the lease together with his signature thereto.
 

 In previously reporting this case, the court said in the course of its opinion: “It goes without saying that a contract made by the state of Ohio is just as valid and binding upon the state and all the executive officers of the state as the contract of any citizen of the state is binding upon such citizen.” And it held further: “This court has ample jurisdiction to compel a party to carry out the provisions of a valid contract where the obligations of the contract are duties enjoined by law, and where there is no other adequate remedy at law. ’ ’
 

 Our former decision determined every legal question therein presented, including the sufficiency of the peti
 
 *181
 
 tion, and left for our further consideration only the issues of fact that might thereafter arise. Under the pleadings and evidence the only issues left for our determination are whether under the law the Governor had approved the lease contract, and had himself signed the same, or delegated his executive clerk to append his name thereto. Upon the issues so made by the pleadings, the parties adduced evidence by way of various depositions.
 

 Without entering into a discussion of the testimony given by the various witnesses touching the fact whether the lease contract was approved and actually signed by the Governor, it is sufficient to say that we are unanimously of opinion that there was sufficient competent evidence preponderating in favor of the relator, disclosing that there was a delegation of authority by the Governor to his executive secretary to append his signature to the various leases executed at that time, including the lease contract of the relator, and that after his signature had been appended by his executive secretary the Governor ratified and approved the lease so executed in his name, the same having theretofore been signed by the superintendent of public works and having been approved by the Attorney General.
 

 It is therefore the opinion of the court that, under the evidence submitted, the issues should be and are found in favor of the relator; and that a writ of mandamus should be allowed commanding the superintendent of public works or his successor in office to perform the duties imposed upon him by reason of the aforesaid contract pursuant to the mode and manner prescribed by law in the premises. Such will be the judgment of the court.
 

 Writ allowed.
 

 Marshall, C. J., J ones, Matthias, Day, Allen, Kin kade and Stephenson, JJ., concur.