MABEL L. CULAVIN, Appellant, v. NORTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 43676.

DECEMBER 14, 1937.

Welch & Maher, for appellant.

Tamisiea & Tamisiea and Parrish, Guthrie, Colflesh & O'Brien, for appellee.

ANDERSON, J.—This is a case of forcible entry and detainer of real property tried in the lower court without a jury upon a

stipulation of facts. A finding and judgment was entered by the trial court dismissing plaintiff's petition, and plaintiff has appealed.

It appears that on July 1, 1910, a written lease was entered into between the State Savings Bank of Missouri Valley, Iowa, and the Iowa Telephone Company. Under the terms of this lease the bank leased to the Telephone Company a certain building and premises situated upon certain described real estate in, the town of Missouri Valley, Iowa, for a period of twenty-five years at an annual rental of $300 payable $25 at the end of each month. The lease in question contained the following clause, the, interpretation of which is the sole question involved in this appeal.

"It is understood and agreed by and between the parties hereto that the party of the second part (Telephone Company) may renew this lease at the expiration of the first term specified, upon the same terms and conditions, for one additional year, and so on from year to year, for eight years from the expiration of said second term, and such renewals shall be assumed and in force unless the party of the second part shall give written no-tice of discontinuance at least thirty days before the expiration of any of the terms herein created."

The telephone company held possession of the demised, premises during the entire twenty-five year period and it is stipulated that no written notice of the discontinuance of the lease was given thirty days before the first day of July, 1935, which was the date of the expiration of the first term specified in the lease. The appellant contends that under the above-quoted provision of the lease it was necessary for the lessee to serve a written notice of its election to renew or extend or continue the lease for the additional periods prescribed in the above-quoted clause. And the appellee contends that the language of the quoted provision constituted an automatic renewal of the lease without any notice prior to its expiration.

■■■ The appellant cites Andrews v. Marshall Creamery Co., 118 Iowa 595, 92 N. W. 706, 60 L. R. A. 399, 96 Am. St. Rep. 412, and many other cases in this and other jurisdictions as, sustaining her contention, but none of the cited cases involved leases with provisions comparable with the provision in the lease in the instant case. In the cases relied upon by appellant the

provisions for extended periods or the privilege of renewal all provided for some affirmative act on the part of one or both of the parties to the contract to effectuate a renewal, extension, or continuance of the lease. But in the case at bar the controversial clause contains its own provision for renewal when it says, *"and such renewal shall be assumed and in force unless the party of the second part shall give written notice of discontinuance at least thirty days before the expiration of any of the terms herein created."* (Italics supplied.) Under the most, reasonable construction of this language mere silence and failure to act on the part of the lessee (Telephone Company) was sufficient to extend or renew the lease for the additional period or periods. No affirmative act was necessary. There has been no breach of any of the terms of the lease during the continuance of the twenty-five year period, and the only question presented is whether the renewal clause above quoted created an additional term for one year where the lessee gave no notice of its intention to renew the lease or to discontinue the same. The contention of the appellant that the renewal clause above quoted is merely an option to renew for an additional term and that some affirmative act was necessary on the part of the lessee to exercise the option and effect a renewal cannot be sustained. If the instant lease provided a simple option to renew and nothing more, then the defendant's position might be sustained, but the renewal clause under consideration is more than an option to renew or extend. It specifically provides what should be understood as constituting a renewal. This automatic renewal clause was not in issue in any of the cases cited by the appellant. However, we are not without some authority in construing the clause in question. In 35 C. J., 1022, we find the following text:

"Where the lease provides for notice of intention not to renew and that in the absence of notice, the lease shall remain in force for an additional term, the lease is automatically renewed unless the notice provided for is given by the lessee."

In McAdams on Landlord and Tenant, Vol. 1, page 715, we find this text:

"Where a lease contains a clause to the effect that the letting and hiring shall be deemed extended and renewed for a

term of one year from the expiration of the first term, unless either party on or before a certain date after the commencement of the term gives notice to the other of an intention to surrender or for possession of the premises, as the case may be, the clause establishes an automatic renewal of the lease, unless the notice provided for is given."

See, also, City v. New Hampshire Sav. Bank (C. C. A.), 139 Fed. 631; Mecklenburg Real Estate Co. v. Kyoleum Co., 142 Tenn. 295, 218 S. W. 821, 14 A. L. R. 944.

The language in the provision in the instant lease is clear, definite, positive, and certain, and free from all ambiguities. It is not susceptible of doubtful construction. The holding over by the telephone company without notice of any kind and without any affirmative act was not a holding over after the expiration of the term but was a continuance of the tenancy in strict accordance with the express terms of the quoted clause in the lease.

 We have not overlooked the fact that the original lessor, The State Savings Bank, became insolvent and was dissolved. The plaintiff, appellant, Mabel L. Culavin, purchased the property in question from the receiver of the bank and also received an assignment of the lease involved in this action. She had the lease for inspection and consideration prior to closing the deal for the purchase of the real estate and accepted the receiver's deed together with the assignment of the lease in question. The original lessee, Iowa Telephone Company, was succeeded in its ownership of the lease and equipment by the Northwestern Bell Telephone Company, and the appellant and appellee now stand in the same position as the original parties to the lease.

The trial court correctly found that to terminate or discontinue the lease some affirmative act must take place and such affirmative action was specified in the lease, that is, the lessee must serve thirty days before the expiration of the first period a written notice of discontinuance. Such notice was not served and it must be held that the lease by its own terms was automatically extended at the date of its expiration. An affirmance necessarily follows.—Affirmed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, DONEGAN, RICHARDS, STIGER, and SAGER, JJ., concur.