**STATE, ex rel. HAMILTON, Relator, v. DEVINE, Pros. Atty., Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5944. Decided May 6, 1958.

Robert Dow Hamilton, Columbus, for relator.
Samuel L. Devine, Pros. Atty., Earl W. Allison, Jr., Chief Counsel, for respondent.

## OPINION

Per CURIAM.

Under date of May 1, 1958, Robert Dow Hamilton, relator herein, filed a petition for an alternative writ of mandamus directed to Samuel L. Devine, Prosecuting Attorney of Franklin County, respondent herein, requiring the said Devine "to further proceed in accordance with law in the matter of Homer Jack Dean, or that he be required to show cause why he does not do such act."

In the petition it is alleged that the said Dean on October 18, 1950, was found guilty of murder in the first degree with mercy recommended by a criminal court jury of the Franklin County Common Pleas Court. It is further alleged that thereafter certain commitment papers were issued, and the said Dean was conveyed to the Ohio Penitentiary to serve a life sentence for the said offense. It is further alleged that on October 29, 1956, the Second District Court of Appeals granted a writ of habeas corpus on the application of the said Dean on the ground that the said commitment entry whereby Dean was imprisoned in the Ohio Penitentiary was " "* * * void and without effect and that he [Dean] is therefore being illegally detained * * *'" in said penitentiary. (Material in brackets is ours.)

The petition further alleges that the order of the Court of Appeals of October 29, 1956, stated " "* * * that petitioner be and hereby is remanded to the custody of the Franklin County Sheriff for further proceedings according to law.' "

The petition then alleges that for a period of nearly two years the said Dean has been incarcerated in the Franklin County Jail, that the cost of his support is being paid by the taxpayers of Franklin County, and alleges in the alternative that said Dean either is a "ward" of the state or due to be retried or entitled to be restored to his freedom.

Relator alleges that he is a resident and taxpayer of the said Franklin County and alleges that the respondent is the duly elected, qualified and acting prosecuting attorney for Franklin County. The petition then alleges that the said respondent has "* * * up until the present time, so failed to act as to constitute a violation of his official duty, and such failure to act has resulted in an abuse of his discretion." Relator says he has no adequate remedy at law, concluding the petition with the aforesaid prayer for an alternative writ of mandamus above referred to.

At the request of relator, who acted as his own attorney, the matter came on for hearing before the three judges of this court with the respondent, being notified and present, serving as his own attorney and accompanied by an Assistant Prosecuting Attorney, Earl W. Allison, Jr.

No evidence was presented either by affidavits or otherwise, and the case was argued upon the statements of counsel with reference to proceedings heretofore had in the case of the said Homer Jack Dean.

While the point was not specifically pressed, it would appear that the immediate relief sought by relator at the hearing of May 1, 1958. was the issuance of an alternative writ directed to the respondent in accordance with the terms of the prayer of the petition. This court has

given careful consideration to the statements and arguments of counsel and to the course of action which should be taken by it at this time. It apparently is not argued that there is such an emergency existing as would require a reduction in the ordinary period of time for the filing of pleadings in a civil case. It is, of course, well settled that the issuance of an alternative writ is not a matter of right but, on the other hand, is discretionary and will issue where the petition or affidavit makes out a prima facie case for the issuance of such alternative writ. In 55 Corpus Juris Secundum, Page 551, Mandamus, Section 314, there appears the following statement:

"The issuance of an alternative writ is not a matter of right, nor is a court required to grant it merely as an appropriate step in the proceedings. The granting of the writ is discretionary; but it is the usual practice to issue the writ when the petition or affidavit makes a prima facie case therefor and the facts are in substantial dispute and the legal right to mandamus is not clear."

As above pointed out, no affidavit was filed in this case, nor was the petition positively verified. On the contrary, the petition was verified on belief and, therefore, cannot be accepted in lieu of evidence. Taken as a whole, the matter has been pending since 1950, and this particular question has been pending for approximately a year and a half.

The Supreme Court of Ohio has held that a relator has the right to have his day in court whether or not an alternative writ is issued, and this is accomplished by use of the usual procedure of summons accompanied by a copy of the petition served on the defendant and adherence to the usual rules for return date and answer date. This seems eminently appropriate in this case.. The Supreme Court of Ohio has held that the statutory proceedings for service of summons, return and answer date are cumulative and that they exist whether or not an alternative writ be allowed. In the case of **State, ex rel., v. Cooper, 121 Oh St 519, at Page 524,** Marshall, C. J., in discussing this very question, wrote as follows:

"Our only answer to that is that we see no inconsistency between the allowance of an alternative writ and the issuance of a summons, and that it seems more reasonable that the alternative writ should be regarded as a cumulative provision. **Section 2, Article IV, Ohio Constitution,** conferring original jurisdiction in mandamus upon this court, is mandatory, and the injunction contained in the amendment of 1912 only emphasizes the mandatory nature of the original provision. It cannot be said that the relator in a mandamus proceeding has not been prevented from. invoking the original jurisdiction of the Supreme Court when he has only been heard upon the allowance of an alternative writ. The jurisdiction of this court has only been invoked in the full sense when the defendant has been brought into court, and an issue made up, either by answer or demurrer, and the cause determined upon its merits.

"We have reached the conclusion that the provision for the allowance of the alternative writ is cumulative to the issuance. and service of summons. In ordinary cases, which are **not emergent in nature, the usual process applying to civil actions should prevail.** Summons should

**328**

be served and the cause come on for hearing in due course and in regular order. In emergent cases, where defendant should be brought into court at an earlier date, application may and should be made to the court, and a time fixed for appearance and to show cause why the writ should not be granted, within a shorter period than that fixed by the Code relating to service of summons." (Emphasis ours.)

It is, of course, well settled that the refusal to allow an alternative writ of mandamus is not a final order. The Supreme Court of Ohio, in State v. Cappeller, 37 Oh St 121, held in the syllabus as follows:

"The refusal to allow an alternative writ of mandamus is not reviewable on error. The remedy of the relator is by application to this court, after its refusal by the district court."

For the reasons above set forth, it is the opinion of this court that no alternative writ of mandamus should issue but that the relator ought to amend his precipe for service of summons in this case to conform to the usual statutes in civil actions and not to include therein an alternative writ of mandamus.

Application for alternative writ is denied.

PETREE, PJ, BRYANT and MILLER, JJ, concur.