G. R. BATCHELLER, an individual doing business as G. R. BATCH-ELLER COMPANY, appellee, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 49908.

(Reported in 101 N.W.2d 30)

366

February 9, 1960.

Gill & Dunkle, of Sioux City, Norman A. Erbe, Attorney General for the State of Iowa, of Des Moines, and C. J. Lyman, Special Assistant Attorney General for Iowa State Highway Commission, of Ames, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellee.

Thornton, J.—The trial court has enjoined defendant, Iowa State Highway Commission, from in any manner appro-

priating, taking or entering upon certain real estate occupied by plaintiff as a tenant until defendant complies with our statutes relative to eminent domain as to the right, title and interest of plaintiff in such real estate.

Defendant contended in the trial court and urges for reversal here it is immune as an agency of the State from this action, it has acquired the interest of the landlord by condemnation and has in this manner succeeded to the interest of the landlord, holder of the fee, in such a way it can terminate plaintiff's interest in this leasehold by serving notice of termination of tenancy, and plaintiff does not now have such interest as would entitle him to any compensation in a condemnation proceeding and to afford relief here is an idle gesture. .

Plaintiff, an individual doing business as G. R. Batcheller Company, alleges in his petition and his proof shows the following. Plaintiff has occupied the premises in question under a lease with the landlord, Illinois Central Railroad Company, since 1935. The present lease is dated July 10, 1957, for the period from June 1, 1957, to May 31, 1958, and from year to year thereafter unless sooner terminated as hereinafter provided. Lessor or lessee is permitted to terminate the lease at any time by giving the other party sixty days notice of termination. Plaintiff pays rent of $794 and taxes annually for which he is billed by the lessor. The rent is due June 1. The lease covers the real estate in question here, a tract approximately 115 feet by 125 feet on the south side of Highway No. 20 in Sioux City, and three other tracts on the north side of the highway. Plaintiff has placed improvements on the property, $15,000 worth south of the highway, and $8000 north. This investment was made in 1937–1939. The lease provides it is binding upon the successors and assigns of the parties thereto. Plaintiff operates a farm supply, feed and coal business on both sides of the highway, all a part of the same business. On October 28, 1958, defendant condemned the interest of the landlord to the portion of the property lying south of the highway involved here. Plaintiff was not made a party to that proceedings. Defendant notified him it intended to acquire the land upon which a part of his business was located and thereafter eject him by giving a sixty-day notice of termination without paying compensation.

Thereafter defendant served three sixty-day notices on plaintiff, the last on April 15, 1959, demanding possession June 17, 1959. The notices only sought to terminate the tenancy as to the portion of the leasehold south of the highway to which defendant had condemned the fee or landlord's interest. Neither plaintiff nor his lessor has served notice of termination.

I. Defendant-Commission raised the question of immunity by special appearance, motion to dismiss before answer, and in its answer. Unquestionably the Highway Commission is an agency of the State and it cannot be interfered with by suit or other legal proceedings when performing its official duties for the sovereign without fraud, illegality, or in derogation of statutory authority. Building of an interstate highway is a proper function of the State. Rhodes v. Iowa State Highway Commission, 250 Iowa 416, 419, 94 N.W.2d 97, 99. Nor may the courts require defendant to pay or disburse public funds without statutory authority. Bachman v. Iowa State Highway Commission, 236 Iowa 778, 20 N.W.2d 18, and Yoerg v. Iowa Dairy Industry Commission, 244 Iowa 1377, 60 N.W.2d 566. However, if an agency of the State, defendant here, is proceeding illegally or in derogation of statutory authority it may be enjoined from so proceeding. Hoover v. Iowa State Highway Commission, 207 Iowa 56, 58, 60, 222 N.W. 438, and citations. The action here is not for the payment of money from the state but it is a proceeding by an individual to require the defendant to take the proper statutory steps to acquire his property. This action is not within Bachman v. Iowa State Highway Commission and Yoerg v. Iowa Dairy Industry Commission, both supra, cited by defendant. If in a condemnation proceeding an award is made to plaintiff it will be under constitutional and statutory authority. If defendant is acting illegally or outside of its statutory authority it is not immune. The determination of this question depends upon the rights of plaintiff and those acquired by defendant when it condemned the landlord's interest.

II. We have repeatedly held when the estate created by a lease is taken in the exercise of the right of eminent domain the lessee is entitled to just compensation. The lessee is an owner within the meaning of section 18, Article I, of the Iowa Constitution, and subsection 3, section 472.3, Code of Iowa, 1958.

Korf v. Fleming, 239 Iowa 501, 516, 32 N.W.2d 85, 94, 3 A. L. R.2d 270; Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393; Des Moines Wet Wash Laundry v. City of Des Moines, 197 Iowa 1082, 1085, 198 N.W. 486, 34 A. L. R. 1517; Werthman v. Mason City & Fort Dodge R. Co., 128 Iowa 135, 103 N.W. 135; and Renwick v. Davenport & N. W. R. Co., 49 Iowa 664. And these authorities hold where the entire property is taken the amount of recovery is the value of the unexpired term of the lease, less the rental reserved; where only a part of the leasehold is taken the value of the use of the premises before the appropriation less what it is worth afterwards. And where as here there is more than one tract under the same lease and separated by a highway, it is the use and operation of the land that determine whether damages should be assessed to the entire leasehold or to the part taken. Renwick v. Davenport & N. W. R. Co., 49 Iowa 664, 672; Paulson v. State Highway Commission, 210 Iowa 651, 656, 231 N.W. 296, 298; and Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 1078, 1079, 96 N.W.2d 468, 471. The interests of the landlord and tenant are several and it is proper to value each estate or interest separately. Wilson v. Fleming, 239 Iowa 718, 734, 735, 31 N.W.2d 393, 401, 402.

In Simons v. Mason City & Fort Dodge R. Co., 128 Iowa 139, 143, 103 N.W. 129, 131, in passing on a ruling to consolidate an owner's and tenant's cases, we held, "The interests of these parties was not joint, but several. One was the owner of the fee and the other had a leasehold interest, and an award to one would in no manner affect or prejudice the other's rights."

We think plaintiff here has such a property right in the leasehold to require defendant to condemn such interest. If we were to concede the service of notice of termination by defendant was effectual to terminate the tenancy as to the tract south of the highway, plaintiff still has the right to have his damage, if any, determined by statutory proceedings as to the value of the leasehold before and after the taking of the tract south of the highway. Renwick v. Davenport & N. W. R. Co., Paulson v. State Highway Commission, and Stortenbecker v. Iowa Power and Light Co., all supra.

III. Defendant contends it is the successor in inter-

est of the landlord in such a way it may terminate plaintiff's tenancy by serving the notice provided in the lease. On this point defendant urges for our consideration the following authorities: Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 1 N.W.2d 721; People ex rel. Sweet v. Ward, 107 Cal. 236, 40 P. 538; United Gilpin Corp. v. Wilmore, 100 Colo. 453, 68 P.2d 34; and Arlington Hotel Co. v. Rector, 124 Ark. 90, 186 S.W. 622. We have examined them and do not find they reach the problem before us. If we assume defendant is a successor to the lessor's interest in the leasehold, which we do not hold, it avails defendant nothing. The terms of the lease indicate clearly it is one lease covering tracts of land on both sides of the highway, calling for one rental payment, and provide for the termination of the entire lease upon sixty days notice, not a part of it. The lessor could not terminate the lease as to a part of the land covered. Defendant cannot acquire a greater right by condemnation than the lessor had. If we concede defendant is now a cotenant with the lessor, it could not alone terminate the entire tenancy. One cotenant without authority cannot bind the other. Dethlefs v. Carrier, 245 Iowa 786, 789, 64 N.W.2d 272, 49 A. L. R.2d 793, and 86 C. J. S., Tenancy in Common, section 113, subsection c, page 519. There is no suggestion lessor in any way authorized or ratified the serving of the notice by defendant. The notice served did not terminate the tenancy.

IV. The majority view is, condemnation of a part of a leasehold does not work an eviction of the tenant as between the landlord and tenant. Annotations, 43 A. L. R. 1177, 53 A. L. R. 686, 163 A. L. R. 685, and 3 A. L. R.2d 331; 32 Am. Jur., Landlord and Tenant, section 492, page 401; 51 C. J. S., Landlord and Tenant, section 98, n. 80, page 669; and 52 C. J. S., Landlord and Tenant, section 483, n. 33, page 245.

V. Under the provisions of plaintiff's lease its renewal from year to year is automatic. A new lease is not necessary. To terminate the same an effectual notice as therein provided is necessary. Culavin v. Northwestern Bell Telephone Co., 224 Iowa 813, 276 N.W. 621. No action having been taken that effectually discontinues plaintiff's right to his interest in the leasehold he is still entitled to its benefits. He now has the right to possession of the part of the leasehold lying south of the high-

way, to which defendant has condemned the fee, as well as to the part lying north of the highway. It therefore follows the steps taken and threatened by defendant were in derogation of statutory authority and it may be enjoined as decreed by the trial court. It also follows we cannot hold as a matter of law plaintiff does not have a compensable interest.—Affirmed.

BLISS, OLIVER, GARFIELD, HAYS, THOMPSON, PETERSON, and GARRETT, JJ., concur.