Matthias, J.
The issues in this cause are whether the summary-judgment procedure is applicable to an action in mandamus and if so whether the writ of mandamus should be allowed.
Relator filed a motion for a summary judgment in this action, pursuant to Section 2311.041, Revised Code. This raises for the first time in this court the question of whether a motion for summary judgment under our summary-judgment procedure is proper in an action in mandamus.
The pertinent parts of Section 2311.041, Revised Code, read:
“Summary judgment may be granted in a civil action as provided in this section.
“(A) A party seeking to recover upon a cause of action *207 or counterclaim or to obtain a declaratory judgment, or a party against whom a cause of action or counterclaim is asserted or a declaratory judgment is sought, may, at any time after the action is at issue, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.
“ (B) * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” (Emphasis added.)
Bespondent argues that a motion for summary judgment is not applicable to a mandamus action because (a) such an action is not a civil action, (b) in a mandamus action the relator is not seeking to recover upon a cause of action, (c) in delineating the instances where the motion is proper, the Legislature enumerated only one special statutory action, a declaratory judgment action, and (d) under the doctrine of expressio unius est exclusio alterius the mention of one special form of action implies the exclusion of others.
Bespondent contends also that, even if the motion for summary judgment is proper, it is not applicable in this cause because the motion is based upon the pleadings and not upon “depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits” showing “that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, ’ ’ under the provisions of subdivision (B) of Section 2311.041, Bevised Code. It should be noted here that during the course of oral argument relator introduced into evidence the authenticated copy of the judgment of the Court of Common Pleas of Hamilton County in regard to the property in dispute, the genuineness of which respondent admitted.
We will consider the arguments of respondent in order.
First, is mandamus a civil action? In the case of State, ex rel. Barker, v. Philbrick, Dir., 69 Ohio St., 283, 69 N. E., 439, which was an action in mandamus, the relator appealed from a judgment for respondent, and the Circuit Court sustained a motion to dismiss upon the ground that the cause was not ap *208 pealable. The pertinent statutes at that time required that in order to be appealable an action had to be a civil action. The Supreme Court reversed the judgment of the Circuit Court, stating, at page 285, that “we think the question should be regarded as settled.”
In the case of State, ex rel. Carson et al., Board of Education, v. Board of Education, 115 Ohio St., 55, 57, 152 N. E., 646, Allen, J., stated: “It was held in State, ex rel. Barker, v. Philbrick, Director of Public Safety, 69 Ohio St., 283, 69 N. E., 439, that mandamus was appealable. That was under Section 5226, Revised Statutes, which provided that to be appealable an action must be a civil action * * *. The decision of the court was grounded upon the proposition that mandamus is a civil action.” (Emphasis added.)
In State, ex rel. Cope, v. Cooper, Gov., 121 Ohio St., 519, 169 N. E., 701, which was an action in mandamus, it was argued that mandamus is not a civil action. Marshall, C. J., stated, at page 521: “It is not doubted that in some jurisdictions- a mandamus proceeding still partakes of the same characteristics that it originally acquired as a high prerogative writ issued by the king. It is quite certain, however, that in most jurisdictions mandamus is regarded as a civil action, in no wise different from other civil actions.”
See, also, paragraph one of the syllabus in the case of State, ex rel. Curran, v. Brookes, Jr., et al., Board of Trustees of Police Relief Fund, 142 Ohio St., 107, 50 N. E. (2d), 995.
From the foregoing review of the expressions of this court it remains only for us to summarize that in Ohio an action for a writ of mandamus is a civil action.
The second argument of respondent is that in mandamus the relator is not seeking to recover upon a “cause of action.” In the case of Norwood v. McDonald et al., Admrs., 142 Ohio St., 299, 309, 52 N. E. (2d), 67, Hart, J., defined a cause of action “as the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief.” The cause of action itself is distinguishable from the form it assumes in its prosecution in the courts. The facts constitute the cause of action, and the legal form used to enforce the action is the remedy. Here, the relator’s circumstances created the cause of action, and mandamus is merely *209 relator’s legal remedy. It is clear that relator is a “party seeking to recover upon a cause of action,” and, should he prevail, relator’s recovery would be the granting of the writ.
The third argument advanced by respondent is that, in enumerating the declaratory judgment action, a special statutory action, the Legislature meant to exclude any other extraordinary remedy from the operation of the statute.
One of the purposes of a declaratory judgment is to provide a remedy to ascertain the rights of parties before a cause of action, as that term is ordinarily used, is matured. Therefore, there was a special reason to specify the declaratory judgment action in Section 2311.041, Bevised Code. The doctrine of expressio unius est exclusio alterius is an aid in interpreting ambiguous statutes, and it should not be applied to defeat legislative intent. There is no ambiguity here; mandamus is a civil action, and Section 2311.041, Bevised Code, applies to civil actions.
For the reasons expressed above, it is clear that a motion for summary judgment under Section 2311.041, Bevised Code, is applicable to an action in mandamus.
Bespondent’s last contention regarding the motion for summary judgment is that it should not be permitted in this cause. From a reading of respondent’s answer it is plain that the only dispute is over the validity, as against the Director of Highways, of the judgment of the Court of Common Pleas in the ejectment action. An authenticated copy of that judgment has been introduced as an exhibit here in open court and both parties agreed as to its admission and the “genuineness of the document.” So upon the pleadings and the named exhibit, this court can consider and determine a motion for summary judgment in this cause.
As to the merits of the cause, the question is whether the relator owns a compensable interest in the property involved so as to entitle him to bring a mandamus action to compel the Director of Highways to bring an appropriation proceeding.
Relator, Lee Wilson, sought relief in an earlier action which was before this court in Wilson v. City of Cincinnati, supra (172 Ohio St., 303). That case determined that a property owner’s remedy, where his land is taken for a public highway, is to institute a mandamus action to compel the Director *210 of Highways to bring an appropriation proceeding, under the authority of the case of State, ex rel. McKay, Exr., v. Kauer, Dir. of Highways, 156 Ohio St., 347, 102 N. E. (2d), 703. Now the question is whether relator owns a compensable interest in the property involved.
Respondent admits that there is now a public highway on a portion of the land in question, which fact entitles an owner of an estate in such land to compensation for its taking. There is no question that a 99-year leasehold estate renewable forever constitutes such property that its taking entitles the lessee to compensation where the taking is for a public use. Batcheller v. Iowa State Highway Commission, 251 Iowa, 364, 101 N. W. (2d), 30; Lowery v. City of Pekin, 186 Ill., 387, 57 N. E., 1062, 51 L. R. A., 301; Thomas v. Lauer, 227 Ind., 432, 86 N. E. (2d), 71; Ammons v. Central of Georgia Ry. Co., 215 Ga., 758, 113 S. E. (2d), 438.
In his answer respondent states that the Court of Common Pleas of Hamilton County in cause No. A-149284 (an ejectment action), in which cause the state of Ohio was the plaintiff and was therein represented by the Director of the Department of Public Works, determined that the relator acquired a 99-year leasehold estate in the property in question in accordance with the terms of the lease. Respondent admits that no appeal was taken from that judgment.
Respondent contends that relator has no compensable interest in the property in question in spite of the fact that the Common Pleas Court determined in the ejectment action that relator has such an interest. Thus the question now is whether respondent in this cause is bound by the judgment rendered in the ejectment action.
Respondent argues that, since the state of Ohio was the party in interest in the ejectment action and the Director of Highways is the party representing the state in this cause, the difference in parties rules out the application of the principles of res judicata or estoppel by judgment.
In fact, in the ejectment action, the state, although represented by the Director of the Department of Public Works, was the party plaintiff, and in this action, although the Director of Highways is the nominal party, the state is the real party in interest. This is necessarily true because the state can act only *211 through its agents. Referring to an action wherein the state was represented by the Auditor General and Attorney General, Grant, J., stated in People, ex rel. Atty. Genl., v. Detroit, Grand Haven & Milwaukee Ry. Co., 157 Mich., 144, 156, 121 N. W., 814: “The state was the sole party interested in the suit. Powers as an individual had no interest in it. He was not, and could not have been brought before the court as an individual. He was before it representing the state as its agent # * *.”
Respondent declares that to decide that the state is the real party in interest in this cause would be tantamount to permitting a suit against the state without its consent. In cases involving a state’s immunity from suit, there are certain areas wherein the state’s immunity does not extend to its officers. This is true where an action is brought to compel an officer to perform his clear legal duty. And mandamus is an excellent example of this. Although the action is brought against the individual, it is brought to compel performance of his governmental duties, and the state itself is affected by the result.
The case of State, ex rel. McKay, Exr., v. Kauer, Dir. of Highways, supra (156 Ohio St., 347), indicates that, where statutes empower the Director of Highways to bring appropriation proceedings and also make such officer amenable to suit, an aggrieved property owner can mandamus the director, although in effect the action is directed at the state. In the course of the opinion in that case, Hart, J., said, at pages 358 and 359, that “it seems clear under the statutory provisions * * # that, if the highway director had determined to take any physical part of relator’s property * * * he could have done so under the procedure provided by Sections 1178-37 and 1178-38, General Code; and it likewise seems clear that if the highway director had taken any part of the physical property for such purpose without following such procedure, the relator by action in mandamus could have required him to do so.”
Stewart, J., in the case of American Life & Accident Ins. Co. of Kentucky v. Jones, Admr., 152 Ohio St., 287, 299, 89 N. E. (2d), 301, 14 A. L. R. (2d), 815, met the problem and commented : “ * * # if the instant action were simply an action for the recovery of money there would be some plausibility in the argument that it was an action against the state, and therefore, not permitted, but assuredly an action against a state employee *212 to determine rights, liability or status is not prohibited because that employee happens to be the head of one of the administrative boards of the state. If it were otherwise it would mean that one could not mandamus a state officer to perform a clearly mandatory duty or one could not enjoin him from committing a patent and outrageously illegal act. A private citizen in such case would be helpless from unlawful, oppressive and outrageous conduct of a state official. ’ ’
The same principle was expressed in a similar eminent domain proceeding by Thornton, J., in the case of Batcheller v. Iowa State Highway Commission, supra (251 Iowa, 364), where it is stated that “the action here is not for the payment of money from the state but it is a proceeding by an individual to require the defendant to take the proper statutory steps to acquire his property.”
Hence, it is clear that, where an action is properly brought against a state official to compel him to perform his duty, the state, since the officer is the agent of the state, is the real party in interest. This is true even though the action is construed as being one not against the state, as in the eases of State, ex rel. Nichols, v. Gregory et al., Indus. Comm., 130 Ohio St., 165, 198 N. E., 182, and Am. L. & A. Ins. Co. v. Jones, supra.
It follows then that the state as a party in the ejectment action and as the real party in interest in this cause is bound by the judgment of the Common Pleas Court in the ejectment action. Now what is the effect of that judgment upon this cause?
The second paragraph of the syllabus in the case of State, ex rel. Ohio Water Service Co., v. Mahoning Valley Sanitary District, 169 Ohio St., 31, 157 N. E. (2d), 116, states:
“Under the principle of estoppel by judgment, the final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action.”
Respondent argues that there can be no estoppel against the state in any case. Marshall, C. J., described estoppel in the case of Sanborn v. Sanborn, 106 Ohio St., 641, 647, 140 N. E., 407, as follows: “An estoppel is defined as a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the acts and proceedings of judicial *213 officers or by tbe act of tbe party himself.” Conceding that the state might not be precluded by estoppel by acts, still, when the state uses its own courts to enforce its rights, it should be bound by the judgments in the same manner as its citizens. Any other holding would mean that a citizen could be harassed continually or that the state would never be bound by any judgment. It is clear that the state is not exempt from the operation of the principles of estoppel by judgment.
Since we have determined that summary-judgment proceedings are proper in this mandamus action, that the state is bound by the judgment of the Common Pleas Court in the ejectment action, and that that judgment is conclusive as to the Director of Highways, the relator’s motion for summary judgment is sustained, and the writ of mandamus is allowed.

Writ allowed.

Taft, Bell and Radcliff, JJ., concur.
Weygandt, C. J., Zimmerman and O’Neill, JJ., dissent.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.