FISCHER *v.* DAMM ET AL.

(Decided June 30, 1930.)

*Mr. Bernard S. Brady,* for plaintiff in error.
*Mr. Harold H. Burton,* and *Mr. Henry S. Brainard,* for defendants in error.

LEVINE, J.   The parties appear in this court in the same relative position which they occupied in the trial court.

Error proceedings are prosecuted seeking a reversal of the judgment of the common pleas court, which, at the conclusion of the opening statements of counsel for the plaintiff, Peter Fischer, dismissed

the action and entered judgment for the defendants, Adam Damm and others.

Plaintiff's petition alleges that the defendants diverted and illegally transferred from the division of light and power to the general fund of the city of Cleveland the sum of $563,269.71, contrary to the provisions of the municipal charter of the city of Cleveland. The relief sought in plaintiff's petition is a court order compelling the city treasurer to perform his duty to keep these funds separate by reversing the existing entries on his books and restoring such sums to the division of light and power.

The action was not instituted until about seven months after the transfer had been made, and the basis of the petition and the prayer thereof relate to the restoration of the sum in question to the division of light and power.

There is no allegation in plaintiff's petition that the defendants were unlawfully spending said sum from the general fund. The exact language of the prayer of the plaintiff's petition is: "Plaintiff prays that the defendants be ordered to restore from the general operating fund of the said City to the Division of Light * * * the sum of * * * and further prays that pending final hearing upon this petition a temporary order be granted restraining one of the defendants from disbursing said sum * * * or any part thereof; that plaintiff may be awarded reasonable compensation to be paid to his attorney, and such other and further relief as may be just and equitable."

Since no motion for a temporary order was filed, and the case having been disposed of on the merits on final hearing of the case, the only question to be

determined was whether or not a mandatory injunction should issue requiring the defendants to restore the sum in question to the light fund.

The section of the municipal charter, which, according to the plaintiff's petition, was infringed upon is Section 77, which reads as follows: "Accounts shall be kept for each public utility owned or operated by the city distinct from other city accounts and in such manner as to show the complete financial results of such city ownership, or ownership and operation, including all assets, liabilities, revenues and expenses. These accounts shall show the actual costs to the city of each public utility owned; the cost of all extensions, additions and improvements; all expenses of maintenance; the amount set aside for sinking fund purposes, and, in the case of city operation, all operation expenses of every description. They shall show as nearly as possible the value of any service furnished to or rendered by any such public utility by or to any other city or governmental department. They shall also show a proper allowance for depreciation, insurance, interest on the investment, and estimates of the amount of taxes that would be chargeable against the property if privately owned. The Council shall annually cause to be made and printed for public information a report showing the financial results of such city ownership, or ownership and operation, which report shall give the information specified in this section, and such other information as the Council shall deem expedient."

The common pleas court dismissed plaintiff's action and entered judgment in favor of the defendants upon two grounds: First, that the court was

without equitable jurisdiction, for the reason that the plaintiff has an adequate remedy at law; and, second, that a full measure of relief is available through "mandamus" for the enforcement of the right claimed or correction of the wrong complained of.

In the brief of plaintiff in error a number of citations are set forth wherein the Supreme Court of Ohio held that a taxpayer may, by injunction, prevent public officials from the wrongful expenditure of public money. *Green* v. *State Civil Service Commission*, 90 Ohio St., 252, 107 N. E., 531; *Elyria Gas & Water Co.* v. *City of Elyria*, 57 Ohio St., 374, 49 N. E., 335. In the latter case, paragraph 6 of the syllabus reads: "Where the proceedings of a municipal corporation are unauthorized and void, either for want of power or its unlawful exercise, and are designed to raise a fund by the sale of its bonds or by taxation to be applied to the object contemplated by the proceedings, a suit to enjoin them may be brought by a tax-payer, under sections 1777, 1778 of the Revised Statutes, without waiting until the fund is raised ready for expenditure. The abuse of corporate powers, within the purview of Section 1777, includes the unlawful exercise of powers possessed by the corporation, as well as the assumption of power not conferred."

It is particularly upon the basis of this last statement of the law that the plaintiff relied when he chose mandatory injunction as his remedy. He points out that the acts of which the petition complains involve the assumption of powers not conferred specifically. It is urged by the plaintiff that the transfer of money to the general fund, which is

the current operating fund of the city, was in plain violation of the provisions of the city charter; that it was transferred to be spent, and that the same should be restored to the city lighting fund, where it properly belongs. We are referred by plaintiff to two sections of the General Code which are as follows:

Section 12283: "Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Section 12287: "The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. It may issue on the information of the party beneficially interested."

It will be seen by the latter section that the writ of mandamus must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. We may agree with the contention of the plaintiff that the phrase "in the ordinary course of the law" is not the equivalent of the phrase "in a case where there is a plain and adequate remedy at law." Apparently the Supreme Court of Ohio held to the view that the phrase "in the ordinary course of the law" is not to be taken as synonymous with "at law," and that the phrase now used in the statute embraces actions both at law and in equity.

Thus, in *State, ex rel.,* v. *Carpenter,* 51 Ohio St., 83, the court said, at page 88, 37 N. E., 261, 262, 46 Am. St. Rep., 556: "Besides, 'remedy in the ordinary course of the law,' is not confined to those actions which before the adoption of the civil code

were actions at law, but embraces what were suits in equity as well; and if, for any reason, an action for damages might prove inadequate for the full redress of the relators' injury, we see no reason why they could not obtain that complete measure of relief in equity.''

And in *State, ex rel.,* v. *Gearheart,* 104 Ohio St., 422, 135 N. E., 606, the court refused to grant the writ of mandamus on the ground that *quo warranto* furnished a specific remedy for the wrong complained of. Syllabus 1 is as follows: ''An action in mandamus will not lie where the employment of the writ does not give a full and complete remedy, or in a case where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of.'' *State, ex rel. Tax Comm.,* v. *Mills, Aud.,* 103 Ohio St., 172, 132 N. E., 727, is to similar effect.

We are referred to the Standard Dictionary for a definition of the words ''plain'' and ''adequate.'' A remedy is plain which presents few difficulties or intricacies; it is adequate if it be suitable, proportionate, or sufficient. It is therefore urged by plaintiff, by way of final argument, that a mandatory injunction is in this case a plain and adequate remedy; that, by a few simple steps effecting certain book entries, the defendants can bring themselves within the provisions of the city charter, and thereupon restore the money now in the general fund to the municipal electric light fund, where it rightfully belongs. Generally speaking, it is to be considered as fundamental that, ''an injunction is essentially a preventive remedy, mandamus a remedial one. The former is usually employed to prevent future

injury, the latter to redress past grievances. The functions of an injunction are to restrain motion and to enforce inaction, those of mandamus to set in motion and to compel action." High's Extraordinary Legal Remedies (3d Ed.), Section 6, page 10.

An injunction usually restrains action while mandamus compels action. It is likewise well settled that a court of equity will not exercise its equitable powers when there is an adequate remedy at law. An action in mandamus is regarded as an action at law. Thus, in *State, ex rel. Cope,* v. *Cooper, Governor,* decided by the Supreme Court of Ohio January 15, 1930, 121 Ohio St., 519, 169 N. E., 701, syllabus 1 reads: "A writ of mandamus does not issue in virtue of any prerogative power, and in modern practice a proceeding in mandamus is an action at law in cases where it is the appropriate remedy, and where there is no plain and adequate remedy in the ordinary course of law."

The fundamental rule of equity that it will not assume jurisdiction of a given case when there is an adequate remedy at law would accordingly seem to cover a case where adequate relief could be had by an action in mandamus, since it is expressly regarded as an action at law. Some difficulty, of course, is encountered for the reason that Section 12287, General Code, which limits the issuance of the writ of mandamus, provides that: "The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law." If the last phrase, "in the ordinary course of the law," is to cover both legal and equitable remedies, it would apparently indicate that, where complete relief could be had by an equitable action,

mandamus would not lie. On the other hand, according to the ancient fundamental principle of equity, that the court will not assume equitable jurisdiction when there is an adequate remedy at law, no court of equity would afford a remedy, for the reason that an action in mandamus, which is judicially regarded as an action at law, would afford a plain and adequate remedy.

In the case at bar the court is asked to substitute a mandatory injunction for a writ of mandamus. It is quite clear that, in so far as this action is concerned, the mandatory injunction, if issued, performs the office of a writ in mandamus. It is difficult to conceive that Section 12287, above referred to, intended that, if in a given case a plain and adequate remedy can be afforded the party by a mandatory injunction, which performs the function of a writ in mandamus and not more, resort must be had to the equitable action, and that no action in mandamus will lie. If such a meaning were to be given to the provisions of said section, we would be met by unencounterable difficulty. Mandamus would not lie under the provisions of the statute, for the reason that resort can be had to the equitable action for mandatory injunction. On the other hand, an action for mandatory injunction would not lie for the reason that there is a plain and adequate remedy at law by action in mandamus, and that equity never assumes jurisdiction when there is such plain and adequate remedy at law.

In order to reconcile the principle of equity above stated with the provisions of Section 12287, we are constrained to hold that the phrase, "in the ordinary course of the law," used in Section 12287, General

Code, was not intended to cover a case like the case at bar, where a resort to the remedy of mandatory injunction would be merely a change in name from mandamus to mandatory injunction.

There is another consideration, which, in our opinion, proves decisive of this case, namely, that, by the express provision of the General Code, mandamus was designated as the remedy in case an officer or board fails to perform any duty expressly enjoined by any law or ordinance. Section 4313, General Code, provides: ''In case an officer or board fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.''

Section 4314 provides that a taxpayer may institute suit in his own name on behalf of the municipality, if the city solicitor fails to bring any suit mentioned in Section 4313, General Code.

There is a definite purpose in the above-named section that no taxpayer can resort to the courts by employing private counsel and bringing suit in his own name unless counsel for the municipal corporation fails to act upon demand of the taxpayer. The purpose of making it necessary for the taxpayer to first in writing request the law director or city solicitor to bring the action before the taxpayer can bring suit is to minimize the cost of the action. It is a safeguard against added burdens of taxation, which would otherwise arise if taxpayers without making such demand upon the law director or city solicitor could, in the first instance, bring the action. The primary right of bringing an action in mandamus in case an officer or board fails to perform a

duty expressly enjoined by law or ordinance is upon the law director or city solicitor. It is only when he fails to bring suit after a written request is made on him so to do that the taxpayer may bring the action as provided in Section 4314, General Code. This safeguard against indiscriminate inroads upon the city treasury would be entirely eliminated if it were possible to substitute the remedy of mandatory injunction for an action in mandamus when the object to be accomplished is the same.

We hold, therefore, that the remedy provided in Sections 4313 and 4314, General Code, is exclusive of all other remedies in case an officer or board fails to perform any duty expressly enjoined by law or ordinance; that it was the purpose of these sections to limit by legislative declaration to an action in mandamus the remedy which may be resorted to in cases where an officer or board fails to perform any duty expressly enjoined by law or ordinance.

It follows, therefore, that, even if the broad interpretation sought to be given to Section 12287 were to be adopted, and we were to hold that the phrase "in a case where there is a plain and adequate remedy in the ordinary course of the law" governs both actions at law and actions in equity, a different state of the law exists where the remedy sought is against an officer or board who failed to perform a duty expressly enjoined by law or ordinance. In such a case, by virtue of Sections 4313 and 4314, General Code, mandamus alone is the remedy; and no resort can be had to any other remedy if by resort to an action in mandamus obedience to a law or ordinance can be fully accomplished.

We therefore hold that the common pleas court was right in its decision when it dismissed the petition and entered judgment for the defendants.

We are urged by counsel for the defendants to decide the question upon the merits and to declare whether, under the provisions of the charter, such transfer as was made in this case was proper or legal. We find ourselves unable to comply with this request, for the reason that we hold, as did the common pleas court, that mandatory injunction is not the proper remedy in this case, and the petition was properly dismissed for that reason. It would be idle discussion to decide an important question such as is proposed to us, in view of our holding that there is no case before us.

The judgment of the common pleas court is ordered affirmed.

*Judgment affirmed.*

VICKERY, P. J., and SULLIVAN, J., concur.