### McCRARY v JONES

### THOMPSON v JONES

Ohio Appeals, 2nd Dist, Franklin Co

Nos 3355, 3356. Decided July, 18, 1941

Jos. E. Bowman, Columbus, and Harry E. Bonaparte, for plaintiff-appellant.

Paul C. Hicks, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cases are now being determined on error proceedings by reason of plaintiff's appeals on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The petitions in the two cases are identical, except as to the plaintiffs.

It is evident that the two cases were tried together as one record, although the stituplation to so do does not appear either in the bill of exceptions or any of the original papers.

The following appears from the petitions:

"Each plaintiff for his cause of action represents that he is a natural born citizen of the United States of America; that he is a citizen of the State of Ohio; that he resides in the City of Columbus, Ohio; and that he is a man of color and of African descent.

That on and prior to May 15, 1940, the defendant was the owner of the Stag Bar Cafe, located at 182 North High Street, Columbus, Ohio; that incident to said business and for a reward, defendant operated a restaurant or eating place, and in addition thereto, dispensed intoxicating beverages under a license issued to him by the State of Ohio; that said place of business is, and was at all times herein named, a place of public accommodation.

That on said May 15, 1940, the plaintiff. in company of two friends, entered defendant's said place of business and ordered a glass of beer; that an employee and agent of the defendant behind the bar in defendant's place of business, acting within the scope of his authority and employment, refused to serve plaintiff because he was of the colored race, and that said refusal was based solely on account of plaintiff's color and race.

Plaintiff further says that he was refused and denied the full enjoyment of the accommodation, advantages. facilities and privileges of a place of public accommodation, solely because of his color and race, said refusal and denial being contrary to the provisions of the General Code of Ohio in such case made and provided. to his damage in the sum of $500.00.

Wherefore plaintiff prays judgment against the defendant for the sum of $500.00 together with his costs herein expended."

Defendant's answer, omitting the formal parts, reads as follows:

"Now comes the defendant and for his answer to the petition of the plaintiff filed herein, admits the ownership and operation of the Stag Bar Cafe located at 182 North High Street, Columbus, Ohio.

Further answering the defendant denies each and every allegation in plaintiff's petition contained, not hereinbefore expressly admitted to be true.

Wherefore, defendant prays the plaintiff's petition be dismissed and that he may go hence without day and recover his costs herein expended."

The action was tried before a Common Pleas Judge and a jury.

Verdict was returned for the defendant; thereafter motion for new trial was overruled, and judgment entered on the verdict.

Within statutory time notices of appeal were duly filed.

Appellants' assignments of error are set out in five separately stated and numbered specifications, as follows:

"1. The Court erred in overruling plaintiff's motion for a directed verdict on the opening statement of counsel for defendant.

2. The Court erred in admitting in evidence, over plaintiff's objection, and sending as Exhibits to the jury room, certain "Signs" whereby defendant sought to reserve to himself the right arbitrarily to change prices in his place of public accommodation without notice, and restrict such changes to colored persons alone.

3. The Court erred in overruling plaintiff's motion for a directed verdict at the conclusion of all the evidence.

4. The verdict of the jury is supported by no evidence.

5. The Court erred in overruling plaintiff's motion to set aside the verdict of the jury and grant to plaintiffs a new trial."

The actions were brought under favor of Civil Rights statutes, being §§12940 and 12941 GC. These two sections read as follows:

"12940. Whoever, being the proprietor or his employee, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store or other place for the sale of merchandise or any other place of public accommodation or amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aids or incites the denial thereof, shall be fined not less than fifty dollars nor more than five hundred or imprisoned not less than thirty days nor more than ninety days, or both."

"12941. Further penalty. Whoever violates the next preceding Section shall also pay not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby, to be recovered in any Court of competent jurisdiction in the County where such offense was committed."

Under the law we must start with the proposition that the verdict of the jury and the judgment of the court are presumptively correct and may not be reversed, unless prejudicial error affirmatively appears.

An examination of the pleadings, together with the bill of exceptions, at once presents the question of a possible variance between the petition and the evidence.

It will be observed that in the third paragraph of plaintiffs' petition complaint is made against the defendant, that after entering defendant's place of business and ordering a glass of beer, that the employee and agent of the defendant, within the scope of his authority and employment, "refused to serve plaintiff because he was of the colored race, and that said refusal was based solely on account of plaintiff's color and race."

The testimony discloses that the plaintiff and his companions were not refused service. According to the testimony of the employee, the following occurred:

"These three gentlemen came in at the first three stalls and stood leaning again them. They didn't sit down; I went to them and waited on them, asked them what they wanted. They said, "Three beers." I said, "Well, the placed has changed hands and we don't are to cater to mixed trade but if you persist in being served, I will serve you, it will cost you 50c a glass." And they said "That's all we want to know." They said something about a license hanging up in front of them, they wanted to see it, and I said, "Well, there it is, if you want to see it, you will have to look at it from the bar."

The substance of this conversation was corroborated by two other white customers who were at the bar at the time the colored men came in.

One of the plaintiffs in cross-examination admitted the substance of the conversation, although he, as well as the other two, had previously testified that they were refused service.

Since the verdict of the jury was for the defendant, we must accept all the record evidence in its strongest light supporting the verdict.

The fourth paragraph of the petition broadens its scope beyond the terms of the above referred to paragraph three. This paragraph four is very general in its terms and purports to embrace certain provisions of the Code. In substance it is alleged that plaintiff was refused and denied the full enjoyment of the accommodation, advantages, facilities and privileges of a place of public accommodation solely because of his color and race.

If it is essential to plaintiffs' recovery that they be limited to proof that the defendant refused absolutely to serve them with liquor, then it is clear that the judgment must be supported for the reason that the evidence was in dispute upon this question.

The proof and admissions do not establish an outright refusal to serve but a refusal to serve plaintiffs upon terms and conditions accorded white patrons of defendant's cafe. Is this a failure of proof or a variance in proof requiring an affirmance of the judgment? It is our judgment that it is

**Headnote 2.** neither, and the proof, as well as the admissions, is sufficient to require a verdict and judgment in their favor. If, however, the proof constituted a variance the court should have instructed the jury upon the evidence as developed and permitted the plaintiffs to amend in conformity thereto. No criticism, however, can be directed to the action of the trial judge because neither party at any time suggest variance.

**Sec. 11556** provides that,

"No variance between the allegations in a pleading, and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. When it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court. It also must be shown in what respect he has been misled. Thereupon the court may order the pleading to be amended, upon such terms as are just."

The defendant at no time suggested variance between pleading and proof and it can not be said that he was misled to his prejudice in maintaining his defense upon the merits.

The gist of the action is the violation of §12940 GC, in that the defendant denied to the plaintiffs, because of color only, the full enjoyment of the accommodations of his place of business for reasons which were not applicable alike to all patrons. In addition to the other factual averments, the terms of the statute are substantially pled, to which no objection was interposed. The obligation of a pleader in a civil suit should not be more strict than that enjoined upon the State in charging a criminal offense in

an indictment. It is sufficient in an indictment to charge the offense in the language of the statute. **State v Schaeffer, 96 Oh St 215.**

The only defense which was sought to be interposed by the defendant was that because of the advice of counsel he had a right to refuse to serve citizens of color unless they would pay a price in excess of that which was exacted generally of white citizens, which action he took in the instant case. This in no sense was a defense and when it appeared without more, it was sufficient to support the cause of action of the plaintiffs because the admission of the violation of §12940 GC was complete.

The defense was not good as against the proof made by the plaintiffs upon any aspect of their case and the mere fact that defendant did not violate the statute in the exact particular and to the extent alleged would not preclude his amenability to its violation in the particular and to the extent proven. Thus, to say that the defendant did not refuse entirely but only refused if plaintiffs did not pay a discriminatory price is spacious and not of substance and does not, in our judgment, afford a defense.

A case which is valuable as authority is Pickett v Kuchen, (Ill. Sup. Ct.) 153 N. W. 667, 49 A. L. R. 499. The plaintiff sought to recover damages for refusal of the defendant to sell her a ticket of admission to a show given in appellant's theater. The proof established that the appellee applied at the ticket office for a ticket to the performance and was refused a ticket for admission to the main floor of the theater for the reason that the appellee was a negress. Appellant contended that the preponderance of evidence showed that he did not refuse to sell appellee "any ticket of admission" but that he offered to sell her a ticket which would admit her to the gallery of his theater and that there is a variance between the allegations and the proof. The court points out that there was no variance but that the proof took two aspects, one—supporting the specific averments of the petition, the other, the claims of the defendant. The court said,

"A further contention of appellant is that the proof fails to support the charge in the declaration, but there is no merit to this contention. If it be conceded that the preponderance of the evidence shows that appellee was offered a ticket to the gallery but was refused one to the main floor of the theater, this proof sustains the charge in the declaration. It is not necessary for the plaintiff to prove the charge to its full extent. Where the part of the charge proven shows a right of action, plaintiff is entitled to recover pro tanto. It is a familiar doctrine of law that torts are severable and that it is necessary to prove only so much of the wrong charged as constitutes a cause of action."

In our judgment the court erred in not instructing the jury to return a verdict for the plaintiffs upon the opening statement of defendant's counsel. The jury should have been held for the purpose only of fixing the amount of plaintiffs' damages.

The first assignment of error is well made as are also the 2nd, 3rd, 4th and 5th.

Upon the purported defense the signs carried in defendant's place of business to the effect that "Prices are subject to change without notice," were not admissible. If the defense had been that the prices had been changed by the defendant effective alike to all patrons, and some supporting proof forthcoming, then the signs would have been probative evidence.

The judgment will be reversed and cause remanded.

GEIGER, PJ. & HORNBECK, J., concur.