**STATE, ex rel. KENDRICK, Plaintiff-Relator, v. THORMYER et, Defendants-Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 5790. Decided July 1, 1958.

Donald H. Tishman Columbus, for plaintiff-relator.
William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, Walter M. Shea, Asst. Atty. Genl., Columbus, for defendants-respondents.

## OPINION

By MILLER, J.

This is a motion for a judgment on the pleadings and stipulated facts. The action is one in mandamus wherein the relator, Britton Kendrick, is seeking an order reinstating and restoring him to his former classified position as Right of Way Agent IV, Division 8, Right of Way, Department of Highways, to which he was regularly appointed on August 5, 1957, by the respondent, George J. Thormyer.

The petition alleges further that the removal order was issued as a matter of discipline and for a period of thirty days; that it was signed "George J. Thormyer, Acting Director, Department of Highways," but who

"had no personal knowledge of any act by the relator as of August 5, 1957; that defendant-respondent Thormyer had no knowledge on August 5, 1957 of the aforementioned letter to relator allegedly from defendant-respondent Thormyer; that defendant-respondent Thormyer did not personally sign the aforementioned letter to relator which letter bears the purported signature of defendant-respondent Thormyer; and that defendant-respondent Thormyer had no knowledge on August 5, 1957 that his name was being signed to the aforementioned letter addressed to the relator."

The answer admits the capacity of the respondent but denies that the suspension was wrongful. By agreement of the parties the following facts have been stipulated:

(a) The plaintiff-relator was an employee of the Ohio Department of Highways on August 5, 1957 and had been employed since December 30, 1953.

(b) The plaintiff-relator was sent a letter of suspension allegedly from defendant George Thormyer on August 5, 1957, effective August 1, 1957.

(c) Defendant George Thormyer had no knowledge that this letter was being sent to the plaintiff.

(d) Defendant George Thormyer had no knowledge of any action of the plaintiff.

(e) Defendant George Thormyer authorized Fred G. Reiners to sign his name to all matters pertaining to Civil Service.

Counsel for the relator in support of the motion urges that the power to suspend is vested solely in the appointing authority, Thormyer as Acting Director of Highways, citing §143.26 R. C.:

"* * * In all such cases of reduction, layoff, or suspension of an employee, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employee with a copy of the order of layoff, reduction, or suspension, and his reasons for the same, and give such employee a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the employee shall be filed with the commission. In case the order applies to the chief of police or chief of a fire department or any member of a police or fire department of a city, the commission shall conduct a hearing following the filing of the order and explanation, to determine the

sufficiency of the cause of the order. Secs. 143.01 to 143.48, inclusive, **R. C.**, do not limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee for a reasonable period, not exceeding thirty days, excepting that in the case of the chief of police or chief of a fire department or any member of a police or fire department of a city, the suspension shall be made in the manner and subject to the right of appeal as provided in this section. Successive suspensions shall not be allowed, and this section does not apply to temporary and exceptional appointments made under the authority of §143.23 **R. C.**"

The question presented is whether or not the suspension was by Thormyer, who had no personal knowledge of the transaction, even though his name appeared on the letter to the relator, which in fact was signed by his alleged authorized agent, Fred G. Reiners. Now, if there had been a proper delegation of authority to Reiners, clearly, the suspension order would have been that of Thormyer, but it is our opinion that such powers may not be delegated for the reason that the authority imposed upon Thormyer involved personal judgment or discretion. We are supported in our conclusion by 2 **O. Jur. 2d, 134,** which says:

"It is a well-established general rule that when authority delegated to an agent involves personal trust or confidence reposed in the agent, and especially when the exercise of that delegated authority involves personal judgment, skill, or discretion, such authority cannot be delegated by the agent to another as subagent to represent the principal, unless the principal has given express authority to the agent to delegate the authority conferred upon him. Ordinarily authority to conduct a transaction does not include authority to delegate the performance of the acts incidental to that transaction which involve the agent's discretion or skill, unless it is otherwise agreed as between the principal and the agent."

And in **9 O. Jur. 2d, 420,** it is said:

"Where the whole power of appointment to, and removal or suspension from, a particular position rests in one officer, an order of suspension issued by another officer is absolutely void and of no effect. An action for wrongful suspension of a civil service employee must be brought against the employing authority who made the actual suspension and not against a supervisor who caused the suspension."

In our case the sole power of appointment was in Thormyer who also possessed the sole power of suspension or removal under §143.26 **R. C.** Counsel for the respondents urge that the relator has an adequate remedy at law by way of appeal, citing §143.07 **R. C.**, and therefore mandamus is not the proper remedy. However, §143.26 **R. C.**, clearly provides:

"* * * Secs. 143.01 to 143.48, inclusive, **R. C.**, do not limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee for a reasonable period, not exceeding thirty days, excepting * * *." (Exception not applicable.)

It therefore appears that there is no limitation upon the appointing authority to suspend the relator for a period of thirty days for disciplinary purposes and no appeal may be had to the Civil Service Commission under §143.07(F) **R. C.** See also 9 **O. Jur. 2d, 449, Section 115.**

For the foregoing reasons we hold that the order of suspension was void and since the relator has no adequate remedy at law the writ of mandamus will be allowed in accordance with the prayer of the petition.

PETREE, PJ, BRYANT, J, concur.