**Harlan Y. WILSON, Plaintiff,**

**v.**

**The WEST VIRGINIA BOARD OF EM-
BALMERS AND FUNERAL DIREC-
TORS, composed of C. R. Bonar, Presi-
dent, J. S. Estep, Vice-President, E. E.
Allen, Secretary and Treasurer, M. W.
Bodey, Member, and Ralph D. Brat-
ton, Member, and Frank L. Taylor,
Judge of the Circuit Court of Kanawha
County, West Virginia, Defendants.**

**Civ. A. No. 2174.**

United States District Court
S. D. West Virginia,
at Charleston.

Jan. 5, 1959.

John A. Amick, Charleston, W. Va., for plaintiff.

Clement R. Bassett, Asst. Atty. Gen., of West Virginia (W. W. Barron, Atty. Gen. of West Virginia, on the brief), for defendants.

HARRY E. WATKINS, District Judge.

Plaintiff alleges that he has been deprived of his civil rights by the defendants, acting under color of statutes and regulations of the State of West Virginia, and brings this action under 42 U.S.C.A. § 1983, asking (1) that this Court convene a three-judge court pursuant to 28 U.S.C.A. § 2281; (2) declare unconstitutional the statutes and regulations complained of; and (3) enjoin the defendants from enforcing those statutes and regulations against him. No damages are sought in this action. Plaintiff has made a motion, to which defendants enter no objection, to dismiss without prejudice defendant Frank L. Taylor, Judge of the Circuit Court of Kanawha County, West Virginia, which motion is granted. The other defendants, members of the West Virginia Board of Embalmers and Funeral Directors, have made a motion to dismiss.

Plaintiff is a licensed, practicing embalmer and funeral director in Charleston, West Virginia, whose funeral director license has been suspended for one year by the defendant Board for violation of West Virginia Code 30–6–7(d) pertaining to unethical advertising. Plaintiff urges that this statute, as well as regulations of the Board pertaining thereto, is violative of the Constitution of the United States, that he is without an

adequate remedy at law, and seeks the injunctive relief of this Court. Defendants' motion to dismiss contends that the complaint fails to state a claim upon which relief can be granted, and further that this Court lacks jurisdiction.

The face of the complaint in this action shows, in itself, that this action must fail. The complaint indicates that pursuant to the statutory scheme established by West Virginia Code, Chapter 30, Article 6, the defendant Board held hearings on August 14 and September 11, 1958, relating to the charge that plaintiff had engaged in unethical advertising of the Wilson Funeral Home, and on September 22, 1958, the Board handed down a decision finding that plaintiff had violated West Virginia Code 30–6–7(d) and Rule 12 of the General Rules for Conduct of Funeral Directors, Assistant Funeral Directors and Embalmers promulgated by the Board, and suspending for 12 months the funeral director license of plaintiff. In accordance with the unnumbered seventh paragraph of West Virginia Code 30–6–8, plaintiff filed with the Secretary-Treasurer of the Board on September 24, 1958, a notice of appeal. That paragraph of the statute reads:

"Any person who has been refused a license for any cause or whose license has been revoked or suspended, may file with the secretary of the board, within thirty days after the decision of the board, a written notice of appeal therefrom to the circuit court of the county within which such person whose license had been refused, revoked or suspended resides. Upon the filing of such notice, the secretary of the board shall transmit to the clerk of said court, the record of such proceedings. Such court shall thereupon hear and determine such case as in other cases of appeal. The judgment of the circuit court may be reviewed upon proceedings in error in the supreme court of appeals."

Plaintiff being a resident of Kenawha County, West Virginia, the appeal from the Board's decision lies in the Circuit Court of Kenawha County, where the papers have been filed and where the appeal is now pending.

The complaint states that plaintiff is without an adequate remedy at law because the appeal authorized by the above-quoted statute has not been granted, or the case docketed for hearing. I must reject this contention, however. If the secretary of the board has failed to transmit the record of proceedings of the hearings of August 14 and September 11, 1958, to the clerk of the Circuit Court of Kenawha County, or if that court has failed to "hear and determine such case" the plaintiff's remedy is a mandamus action in the state courts under Chapter 53 of the West Virginia Code, and not an action seeking an injunction in this Court.

With this case in its present state, I conclude that the case is now pending in the Circuit Court of Kenawha County, which appeal is a part of the administrative remedy established by the Code. Numerous cases can be cited to the effect that federal courts cannot be called upon to determine whether state officials have properly exercised police authority until the aggrieved party has exhausted his administrative remedies offered by the state. See, for example, Carson v. Board of Education, 4 Cir., 227 F.2d 789; Davis v. Arn, 5 Cir., 199 F.2d 424; Williams v. Dalton, 6 Cir., 231 F.2d 646; Thibodo v. United States, 9 Cir., 187 F.2d 249. Plaintiff contends that appeal to the Circuit Court of Kenawha County and the West Virginia Supreme Court of Appeals are unnecessary in this case because such appeals would be fruitless under the case of Quesenberry v. Estep, W.Va., 95 S.E.2d 832, but I find no merit in this argument. While that case involved the same rules of the defendant Board, some of the points raised in plaintiff's brief upon which plaintiff seeks a judicial determination of the unconstitutionality of the statutes and regulations are not raised in the Quesenberry case and were not before the courts at that time.

 

The plaintiff not yet having exhausted his administrative remedies, the Court will grant defendants' motion to dismiss the complaint. Counsel may prepare an appropriate final order.