THE STATE, EX REL. MARSHALL, APPELLANT, *v.* CIVIL SERVICE
COMMISSION OF COLUMBUS, OHIO, ET AL., APPELLEES.

(No. 8544—Decided August 1, 1967.)

Mr. *Philip R. Bradley* and Mr. *Robert P. DiRosario*, for appellant.

Mr. *John C. Young*, city attorney, and Mr. *Alba L. Whiteside*, for appellees.

BROWN, J. This is an appeal on questions of law by relator from a judgment of the Common Pleas Court of Franklin County dismissing a petition of relator seeking a writ of mandamus to compel respondents, the Civil Service Commission of Columbus, to accept the application of relator, and that, incident to such application, relator be permitted to compete and engage in a promotional competitive examination on August 15, 1966, for the classified position of Fire Chief, Division of Fire, Department of Public Safety, Columbus.

On or about July 18, 1966, the respondents had issued a public notice of the promotional competitive examination for Fire Chief, stating that it would be held August 15, 1966, and that applications would be accepted between July 25, 1966, and August 5, 1966.

Relator filed his application for examination for Fire Chief on August 2, 1966, and, on the same date, Gale L. Reeder, Personnel Director, Civil Service Commission, Columbus, rejected the application for the reason, as stated in the letter mailed to relator, that relator did not possess the qualification of six months as permanent appointee as Fire Assistant Chief prior to the date of the examination. The Civil Service Commission as a body, or individually, took no action on relator's application before relator filed his mandamus action in Common Pleas Court of Franklin County on August 13, 1966.

As a result of the mandamus action, on the date of the examination, August 15, 1966, an agreement was reached between counsel for relator and the President of the Civil Service Commission that relator be permitted to take the examination and his paper impounded, not graded, and held until the further order of the court. Pursuant to this agreement, the examination was taken, and an amended alternative writ of mandamus was filed, setting forth the agreement.

On September 26, 1966, a hearing was held in the Common Pleas Court in this mandamus action.

Although the petition of relator alleged that respondents, the Civil Service Commission, rejected the application of relator, which allegation was admitted in the answer of respondents, there was sufficient oral testimony and documentary proof introduced into evidence, without any objection offered by respondents, to establish to the contrary that the rejection of rela-

tor's application was made solely by Gale L. Reeder, Personnel Director, and not by the Civil Service Commission, and that the Civil Service Commission's minutes of July 29, 1966, and August 2, 1966, coupled with testimony explaining the minutes, to which no objection was interposed, reflected the fact that the commission took no action on relator's application before August 15, 1966, and, further, took no action before the date of the hearing in Common Pleas Court on September 26, 1966. There was, as hereinbefore mentioned, an agreement made on the morning of August 15, 1966, permitting the relator to take the examination followed by an impounding of his examination paper. It is uncontroverted from the evidence that the relator's application never came before the Civil Service Commission or commissioners for official action before September 26, 1966.

Even if we assume, for the sake of argument, that the pleadings raised no issue as to the failure of the commission to act on relator's application, a variance between pleadings and proof in support thereof, which might have been obviated by the amendment of the pleadings, is deemed waived if not properly objected to at the trial, and is to be considered along with other proof, notwithstanding the lack of allegations. *Massillon Savings & Loan Co.* v. *Imperial Finance Co.,* 114 Ohio St. 523; *McCrary* v. *Jones,* 34 Ohio Law Abs. 612; 43 Ohio Jurisprudence 2d 395, Section 369.

This oral testimony and documentary evidence that the Civil Service Commission had taken no action, and so had entered no final order, as to relator's application to compete in the examination for Fire Chief was admissible on the issue raised by the allegations in the fifth paragraph of relator's petition when he alleged he had no adequate remedy at law.

On the other hand, the allegations of the petition concerning the rejection of relator's application to engage in the examination are broad enough to support the contention and raise the issue that the commission made no final order, adjudication, or decision, but attempted to act through the Personnel Director by his unauthorized rejection of the application and explained in the testimony of the witnesses presented by both parties.

The four assignments of error amount to a claim that the decision of the trial court dismissing the petition was contrary to law and against the weight of the evidence. Our decision does

not require us to determine the constitutional issue argued by relator to the effect that Rule IV, Section D, delegating discretion to the personnel director to reject relator's application to take the examination for Fire Chief, was unconstitutional.

The respondents contend that relator was properly denied a writ of mandamus in the Common Pleas Court in this case because relator had a plain and adequate remedy in the ordinary course of the law, *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85; *State, ex rel. Sibarco Corp.,* v. *Hicks, Building Inspector,* 177 Ohio St. 81; Section 2731.05, Revised Code; and that such term, "plain and adequate remedy in the ordinary course of the law," includes equitable remedies, *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St. 302; *State, ex rel. Durek,* v. *Masheter, Dir. of Hwys.,* 9 Ohio St. 2d 76; 35 Ohio Jurisprudence 2d 278, Section 31; and, in an attack upon an order of the Civil Service Commission, includes an appeal to the Common Pleas Court from an order of the commission pursuant to Chapter 2506, Revised Code, titled "Appeals from Orders of Administrative Officers and Agencies." *State, ex rel. Steyer,* v. *Szabo,* 174 Ohio St. 109; *State, ex rel. Sibarco,* v. *Hicks, Building Inspector,* 177 Ohio St. 81 (zoning-building permit case).

The trial court in its memorandum decision suggested that the relator, instead of seeking mandamus, might have pursued equitable remedies such as a mandatory injunction. Mandamus is the proper remedy of one who has been illegally removed from the classified civil service. *Williams, Dir.,* v. *State,* 127 Ohio St. 398; *State, ex rel. Miller* v. *Witter,* 114 Ohio St. 122; *State, ex rel. Click,* v. *Thormyer, Acting Dir. of Hwys.,* 105 Ohio App. 479; *State, ex rel. Kendrick,* v. *Thormyer,* 79 Ohio Law Abs. 200; 9 Ohio Jurisprudence 2d 455, Mandamus, Section 122.

By a parity of reasoning, mandamus would appear to be a proper remedy for one who is denied the right to compete and engage in an examination conducted by the Civil Service Commission pursuant to City Charter, applicable statutes, and commission rules, if there is no other legal or other equitable remedy available. Nowhere in the discussion of the subject of "Civil Service" in 9 Ohio Jurisprudence 2d 316 *et seq.,* or of court remedies concerning a challenge of actions or orders of a

Civil Service Commission or its officers, is there a suggestion that equitable relief by way of mandatory injunction or otherwise is available. 9 Ohio Jurisprudence 2d 453 to 461, inclusive, Sections 121, 122.

Furthermore, injunctive relief is not an available equitable remedy against an administrative agency where there is provided an adequate legal remedy such as appeal from an order of an administrative agency. *State Board of Health* v. *Greenville,* 86 Ohio St. 1, Ann. Cas. 1913D 52; *Meeker* v. *Scudder,* 108 Ohio St. 423; 1 Ohio Jurisprudence 2d 556, Section 175.

The principle that equity will not assume jurisdiction when there is an adequate remedy at law applies to cases where adequate relief could be had by an action of mandamus. *Fischer* v. *Damm,* 36 Ohio App. 515; *State, ex rel. Haines,* v. *Board of Education,* 1 C. C. (N. S.) 486; 93 A. L. R. 1495; 29 Ohio Jurisprudence 2d 201, Section 29. Therefore, since the remedy of mandatory injunction is an equitable remedy and governed by the foregoing principle of equity, it is available only when there is no adequate remedy at law. Since mandamus is a remedy at law, *State, ex rel. Curran,* v. *Brookes,* 142 Ohio St. 107; *State, ex rel. Cope,* v. *Cooper,* 121 Ohio St. 519; 35 Ohio Jurisprudence 2d 242, Section 3, it follows that mandatory injunction is not available when mandamus, a remedy at law, is adequate. *Perkins* v. *Quaker City,* 165 Ohio St. 120; *State, ex rel. Durek,* v. *Masheter, Dir. of Hwys.,* 9 Ohio St. 2d 76, concurring opinion of Herbert, J., at pages 77-78; *Wilson* v. *West Virginia Board of Embalmers and Funeral Directors,* 168 F. Supp. 753; *Koziol* v. *Rosemont,* 32 Ill. App. 2d 320, 177 N. E. 2d 867; 20 Ohio Jurisprudence 2d 52-67, Section 18; 29 Ohio Jurisprudence 2d 182; 27 American Jurisprudence 2d 619, Section 96; 30 Corpus Juris Secundum 841, Section 31; 55 Corpus Juris Secundum 49, Section 18; 131 A. L. R. 335, and see page 376 thereof.

This choice between the remedy of mandamus or mandatory injunction in an original action maintained in the Common Pleas Court finds support, in an analogous situation where a building commissioner refused to act upon an application for a permit, at page 97 of the *per curiam* opinion of the Ohio Supreme Court in *State, ex rel. Federal Homes Properties, Inc.,* v. *Singer,* 9 Ohio St. 2d 95, which states:

"In any instance of a refusal, for whatever reason, of an

administrative official to act timely upon an application for a permit, either mandamus in the Common Pleas Court or a *mandatory injunction* would appear to be an appropriate remedy to compel his decision.''

Likewise, the Ohio Supreme Court, in asserting that the Court of Appeals did not have the right to issue a writ of mandamus to compel the Director of Highways to institute appropriation proceedings, stated the relator had an adequate remedy, comprising a choice of remedies in the Common Pleas Court, at page 77 in the *per curiam* opinion in *State, ex rel. Durek*, v. *Masheter, Dir. of Hwys.*, 9 Ohio St. 2d 76, as follows:

''* * * Whatever remedy relator might have should have been asserted in the Court of Common Pleas of Franklin County by an appropriate form of action—mandatory injunction or statutory mandamus.''

To conclude otherwise would place the relator seeking mandamus relief in the Common Pleas Court on a judicial treadmill in a legal labyrinth from which he could not extricate himself, unable to obtain relief in any form of action in any forum. Upon seeking mandamus relief in Common Pleas Court he would be denied relief for the reason that he should seek relief by mandatory injunction, and, if he seeks mandatory injunction relief, this would be denied for the reason that he should seek relief by mandamus proceedings.

To escape this judicial treadmill, the relator, in a mandamus action, should join a second cause of action seeking mandatory injunction relief pertaining to the same subject matter, pursuant to the liberal provisions for joinder of causes under Code pleading and consonant with the permissive joinder of causes of actions statute, Section 2309.05, Revised Code. Cf. *State, ex rel. Stine*, v. *McCaw*, 136 Ohio St. 41; 1 Ohio Jurisprudence 2d 325, 330, 332, 337, Actions, Sections 50, 54, 55 and 59; 35 Ohio Jurisprudence 2d 445, Mandamus, Section 151. The relator, in seeking injunctive relief, must have a beneficial interest in the acts sought to be compelled. 35 Ohio Jurisprudence 2d 417, Section 135.

Section 2731.01 is applicable to the facts in this case and provides as follows:

''Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding

the performance of an act which the *law specially enjoins as a duty resulting from an office, trust, or station."* (Emphasis added.)

Accordingly, we conclude that equitable relief by way of injunction or otherwise was not available to control the acts or orders of the Civil Service Commission.

The next inquiry concerns the availability to relator of an adequate legal remedy by way of appeal to the Common Pleas Court from the final order or decision of the Civil Service Commission or any official thereof pursuant to Chapter 2506, Revised Code, which provides for appeals from orders of administrative officers and agencies as explained in the case of *State, ex rel. Steyer, v. Szabo,* 174 Ohio St. 109, and in *State, ex rel. Fagain,* v. *Stork, Dir. of Dept. of Public Service of Columbus,* 174 Ohio St. 330.

Section 2506.01, Revised Code, provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, * * *.

"* * *

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; * * *."

Under Section 2506.01, Revised Code, the appeal can be only from an order, adjudication, or decision which is final by the Civil Service Commission. The definition of "final order" contained in the Appellate Procedure Act, Section 2505.02, Revised Code, applies, in the absence of contrary statute, in determining whether a final order of an administrative agency is of such a character as to be reviewable. *Ashtabula* v. *Public Utilities Commission,* 139 Ohio St. 213; 1 Ohio Jurisprudence 2d 548, Section 168.

In *State, ex rel. Steyer,* v. *Szabo,* 174 Ohio St. 109, the relator had failed to appeal in accordance with Section 2506.01, Revised Code, the *final* order of the Civil Service Commission refusing to certify and appoint Steyer as Chief of Police, and for that reason the *Steyer case* is not controlling in the case at bar.

Similarly, *State, ex rel. Fagain,* v. *Stork, Dir. of Dept. of Public Service of Columbus,* 174 Ohio St. 330, involves a *final* order and decision of the Municipal Civil Service Commission suspending relator from his classified civil service position and is not controlling. Likewise, in *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, there was a *final* order or decision of an officer, which was reviewable on appeal to the Court of Common Pleas.

In the instant case, there was no action taken by the Civil Service Commission on the application of relator to take the examination for Fire Chief, or incident to its rejection, and the only action was that of Gale L. Reeder, Secretary of the commission, acting also as Personnel Director, who received the application and rejected it the same day by letter mailed to the relator without communicating such action to the Civil Service Commission. This act of the Secretary of the Civil Service Commission, and the inaction of the Civil Service Commission with respect thereto, did *not* constitute a *final* order which could be appealed by relator to the Common Pleas Court pursuant to Chapter 2506, Revised Code. Therefore, relator did not have available an adequate and effective legal remedy, complete in its nature, beneficial and speedy, by way of appeal under Chapter 2506, Revised Code, concerning the acts surrounding the rejection of his application to engage in the civil service examination for the purpose of having his name placed on the eligible list for Fire Chief. Thus, relator had a right to pursue his remedy of mandamus. *State, ex rel. The Merydith Const. Co.,* v. *Dean, Aud.,* 95 Ohio St. 108; *State, ex rel. Paul Stutler, Inc.,* v. *Yacobucci, Clerk,* 108 Ohio App. 41; *State, ex rel. Trusz,* v. *Middleburg Heights,* 82 Ohio Law Abs. 481.

We must then determine whether the relator had a right to a writ of mandamus compelling the Columbus Civil Service Commission to permit him to compete and engage in the civil service examination for Fire Chief with the concomitant right of having the examination graded and, upon passing the examination, to have his name entered on the eligible list for Fire Chief and consequent certification to the appointing authority. Relief in mandamus should have been granted if its purpose was to compel the performance of an act which is clearly shown to be

specially enjoined by law on the Civil Service Commission as a duty resulting from that office. *Board of Education of Sycamore* v. *State, ex rel. Wickham,* 80 Ohio St. 133.

The City Charter of the city of Columbus, Section 149 (a) through (o) thereof, gave rule-making power to the Columbus Civil Service Commission, providing, among other things, for open, competitive examinations in the competitive class, for the creation of eligible lists, for rejection of candidates or eligibles who fail to comply with certain specified reasonable standards, for public notice in the City Bulletin of the time and place of all competitive examinations, but no provision therein authorized granting to the Secretary of the Civil Service Commission or to the Personnel Director any such powers.

Pertinent to the issues in the case at bar, the Civil Service Commission had adopted Rule VIII, Section B, which provides:

*"Section B. Eligibility.* When promotional examinations are held, they shall be limited to employees who shall be permanently appointed to and shall have served at least six months in *a* lower rank or grade. A promotional examination may include employees in specified classes in all departments, or only in the department for which the eligible list is being established, as determined by the Commission. Persons on leave of absence or on reinstatement lists, if otherwise qualified, shall be eligible to take promotional examination only with the approval of the commission."

It also adopted Rule IV, Section D (5) and (8), which provides:

*"Section D. Acceptance or Rejection of Applications.* The Personnel Director shall cause all applications to be scrutinized. Written notices shall be given within a reasonable time to applicants who have satisfactorily filed applications. An application lacking information or incorrectly filled out may be amended by the applicant prior to the examination, following notices to amend the same. The Personnel Director may for sufficient cause, subject to review by the commission, reject an application prior to the date of the examination for which it is filed. In all cases of rejection an applicant shall be notified immediately of the rejection and the reasons therefor. *Upon rejection of an application any applicant shall have an opportunity to show cause*

*to the commission why his application should not have been rejected.* Any one of the following may be sufficient cause for rejecting an application: that the applicant—

"(5) Has made a false statement in his application or has tendered a false document in support of a statement in his application or has otherwise practiced or attempted to practice deception or fraud in connection with such application.

"(8) *Any other just and reasonable cause.*" (Emphasis added.)

The Civil Service Commission, before relator had filed his application to take his examination, had issued a public notice under the heading "Employment Standards," as follows:

"Those eligible to compete in the promotional examination for this class are: Fire Assistant Chiefs who have had not less than six months of continuous accredited service as permanent appointees immediately prior to the date of examination."

In accordance with the plain, unambiguous language of Rule VIII, Section B, and the public notice, an applicant, such as the relator here, seeking to take the promotional examination for Fire Chief, had the right to have his application accepted and permission granted to compete in the examination for that position if he was a Fire Assistant Chief at the time the examination was held and if he had at the time of the examination at least six months of continuous accredited service as a permanent appointee immediately prior thereto in *any* lower rank or grade or class. It was not required that relator have six months of continuous accredited service as permanent appointee immediately prior to the date of examination as Fire Assistant Chief. Although relator was a Fire Assistant Chief for only about five months immediately prior to the date of examination, he did have more than six months continuous accredited service before the date of examination, namely, about 18 years of such service.

Rule IV, Section D, above, by which the Personnel Director attempted to exercise unbridled and ungoverned discretion to reject relator's application to engage in the examination for Fire Chief, contrary to Rule VIII, Section B, of the Civil Service Commission, considered as power of a judicial nature, is an illegal delegation thereof, is too broad and indefinite to create any valid standards, and is therefore a nullity. *State Racing*

*Commission* v. *Robertson,* 111 Ohio App. 435; *In re Owner-Trainer Topper,* 109 Ohio App. 289; *Florida Dry Cleaning and Laundry Board* v. *Economy Cash & Carry Cleaners,* 143 Fla. 859, 197 So. 550; 16 Corpus Juris Secundum 868, 870. Furthermore, Rule IV, Section D, as applied to relator is invalid for the reason that it is unreasonable, arbitrary, and discriminatory. *State, ex rel. Homan,* v. *Board of Embalmers and Funeral Directors,* 135 Ohio St. 321; 1 Ohio Jurisprudence 2d 482, Section 80.

Moreover, if the power to appoint to office by the Civil Service Commission is construed as an executive power, such executive power and function may be exercised only by duly constituted officers of the executive department, the Civil Service Commission. Executive powers may not be delegated to or usurped by a private person. *State, ex rel. Yancey,* v. *Hyde,* 121 Ind. 20, 22 N. E. 644; 16 Corpus Juris Secundum 848, Section 168; *Florida Dry Cleaning and Laundry Board* v. *Economy Cash & Carry Cleaners,* 143 Fla 859, 197 So. 550; *State, ex rel. Wisconsin Development Authority,* v. *Dammann,* 228 Wis. 147, 277 N. W. 278; 16 Corpus Juris Secundum 844, Section 167, at 847.

The powers purportedly granted under Rule IV, Section D, to the Personnel Director, are granted by the City Charter, Section 149, (a) through (o), to which reference has been previously made, to the Civil Service Commission, and not to the Personnel Director. Therefore, Rule IV, Section D, is invalid by reason of its conflict with the Columbus City Charter, the source of power of the Civil Service Commission, and is also invalid by reason of its conflict with Rule VIII, Section B, concerning eligibility for promotional examination which the commission has the power to enact under the City Charter. *Kroger Grocery & Baking Co.* v. *Glander, Tax Commr.,* 149 Ohio St. 120; *State, ex rel. Bigam,* v. *Hainen,* 150 Ohio St. 371; *State, ex rel. Hart,* v. *Board of Commissioners of Hocking County,* 101 Ohio St. 336; *State, ex rel. Hattery,* v. *Columbus,* 28 Ohio Law Abs. 523; 1 Ohio Jurisprudence 2d 478, Section 78.

In accordance with Rule VIII, Section B, the Civil Service Commission was specially enjoined by law to accept relator's application and to permit him to compete in the examination for Fire Chief. Relator has no remedy in the ordinary course of law other than mandamus, and as a matter of law the writ

of mandamus should have been granted by the Common Pleas Court.

The judgment of the Common Pleas Court is reversed, and this court, proceeding to enter the judgment which the Common Pleas Court should have granted, hereby enters final judgment in favor of the relator, directing that a writ of mandamus issue granting to the relator the right to engage and compete in the promotional examination for Fire Chief, to have his application for examination accepted, and, in the event of passing the examination, to have his name entered on the eligible list for the position of Fire Chief, and that this cause be remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

TROOP, J. (Presiding), and DUFFY, J., concur.

TROOP, J. (Presiding), and DUFFY, J., concurring. We concur in the result reached in the foregoing opinion and support the directive order requiring the grading and rating of relator's paper, for the reason that the Civil Service Commission never acted upon his application, one way or another; therefore, there was no final order from which relator could appeal making mandamus a proper remedy. Furthermore, the civil service rule, as announced, requires only "six months of continuous accredited service as permanent appointees" as a qualification for eligibility and not service in the next lower grade which was the basis of the rejection of relator's application by the commission's personnel officer.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Tenth Appellate District.